**Nelda J. Goble, Plaintiff-Appellee, v. Central Security Mutual Insurance Co., Defendant-Appellant.**

**Gen. No. 69–218.**

Second District.

July 13, 1970.

Milton O. Gordon, of Rolling Meadows, for appellant.

Popejoy, Nelson, Lucas and Speer, of Wheaton, for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

This is an appeal by the defendant from a judgment confirming an arbitrator's award to the plaintiff in the sum of $7,500, under the provisions of the uninsured motorist clause in her insurance policy with the defendant. The trial court also awarded the plaintiff a judgment in the sum of $500 as attorneys' fees, pursuant to the provisions of section 155(b) of the Illinois Insurance Code (Ill Rev Stats 1969, c 73, par 767(b)).

The defendant contends that the trial court erred in entering the judgment because the arbitrator's award was made more than thirty days after submission of briefs and proof, contrary to the policy provisions that the arbitration proceedings shall be held under the Accident Claim Tribunal Rules of the American Arbitration Association. The defendant further urges that the trial court erred in awarding attorneys' fees in that the refusal of the defendant to pay the plaintiff was not vexatious and without reasonable cause.

In 1967, the plaintiff was involved in an automobile accident with an uninsured motorist. The plaintiff was insured by the defendant, and the policy of insurance contained an uninsured motorist coverage clause which provided for arbitration of any disputes thereunder in accordance with the rules of the American Arbitration Association, and further provided that the insured and the company would be bound by any award of the arbitrator. Section 32 of the Accident Claims Tribunal Rules of the American Arbitration Association provided:

"D. Arbitrator shall render his Award promptly and, unless otherwise agreed by the parties, or spec-

ified by law, not later than thirty days from the date of the close of the hearing, or if oral hearings have been waived, from the date of transmitting of the final statements and proofs to the Arbitrator."

The proofs before the arbitrator were closed on February 3, 1969. The award was entered by the arbitrator on March 10, 1969, which was more than thirty days after the closing of proofs.

Section 8(b) of the Uniform Arbitration Act (Ill Rev Stats 1969, c 10, par 108(b)) provides:

"An award shall be made within the time fixed therefor by the agreement or, if not so fixed, within such time as the court orders on application of a party. The parties may extend the time in writing either before or after the expiration thereof. A party waives the objection that an award was not made within the time required unless he notifies the arbitrators of his objection prior to the delivery of the award to him."

It is conceded by the defendant that it made no objection prior to the delivery of the award to it. The issue before this court thus is whether the language of the statute, relating to waiver, is binding upon the defendant in view of the provisions of the insurance contract.

The defendant contends that the language of the insured's contract clearly provides that arbitration is to be in accordance with the rules of the American Arbitration Association, and that it is the duty of this court to enforce the contract as written and not to make a new contract for the parties. We have no quarrel with the contention of the defendant in regard to the general rules governing the construction of contracts and the interpretation of insurance contracts in particular. However, the defendant's contention, as framed, begs the question and does not meet the issue of the effect and re-

lationship of the statutes with reference to the insurance agreement.

It is well settled in this State that the law existing at the time and place of the making of a contract is deemed a part of that contract, to the same extent as though expressly referred to or incorporated in the contract. Schiro v. W. E. Gould & Co., 18 Ill2d 538, 544, 165 NE2d 286 (1960). In Schiro, at page 544, the court answered the challenge raised by the defendant in this case, and stated that the rationale for this basic rule is that the parties to the contract would have expressed that which the law expressly provides had they not supposed that it was unnecessary to do so. Thus, the court in construing the existing law as a part of the express contract, is not reading into it provisions which are different from those expressed and intended by the parties; it is merely construing the contract in accordance with their intent. The law of the State that is referred to is the law as expressed in the constitution, statutes, codes, ordinances and court decisions. Schiro v. W. E. Gould & Co., supra, 545; Illinois Bankers Life Ass'n v. Collins, 341 Ill 548, 551, 552, 173 NE 465 (1930).

The application of this rule is more apparent in this than in most cases. Prior to the adoption of the Uniform Arbitration Act in 1961, Illinois followed the common-law rule that parties could not by agreement bind themselves to arbitrate future disputes or controversies; and that such an agreement was contrary to the public policy of the State. Cocalis v. Nazlides, 308 Ill 152, 156, 157, 139 NE 95 (1923) ; Ramonas v. Kerelis, 102 Ill App 2d 262, 269, 243 NE2d 711 (1968) ; School Dist. No. 46, Kane, Cook and DuPage Counties v. Del Bianco, 68 Ill App2d 145, 153, 215 NE2d 25 (1966). The statute gave viability to the agreement to arbitrate future as well as existing disputes.

Our courts uniformly have followed the principle set forth in Schiro in its application to the Uniform

Arbitration Act, and have held that insofar as the interpretation or construction of arbitration agreements are concerned, they are subject to the same rules which apply to all other contracts, and the statutory law is deemed a part of the contract, the same as though expressly incorporated therein. Ramonas v. Kerelis, supra, 270; Flood v. Country Mut. Ins. Co., 89 Ill App2d 358, 361, 232 NE2d 32 (1968), revd other grounds, 41 Ill2d 91, 242 NE2d 149 (1968); School Dist. No. 46, Kane, Cook and DuPage Counties v. Del Bianco, supra, 157.

■ ■ Section 8(b) of the Uniform Arbitration Act in no way conflicts with the agreement as written between the parties. It is compatible with, and expands upon, the written agreement. The statute provides that an award shall be made within the time fixed therefor by the agreement, if so provided in the agreement. The agreement did so provide by stating that the award is to be made in conformity with the rules of the American Arbitration Association, which provide for the award within thirty days. These rules, however, make no provision for the effect of the failure to object to the award not having been made in time. Clearly, a party may waive the defect (Fagnani v. Integrity Finance Corp., 53 Del 193, 207, 167 A2d 67 (1960); 5 Am Jur2d, Arbitration and Award, § 129, p 615; Domke, Commercial Arbitration, 1968 Ed, § 29–01, p 281), and it is the purpose of the statute to clearly set forth what will constitute a waiver. The objective of the statute is obvious; a party should not be permitted the luxury of waiting to see whether the arbitrator rules in his favor, and then, if not, claim that the award was invalid in that it was not made in time. Such conduct presents a classic example of waiver. In re American Arbitration Ass'n, 109 Ill App2d 370, 382, 248 NE2d 756 (1969).

■ The statute clearly is applicable to the contract of the parties. The defendant did not make its objection prior to the delivery of the award and after delivery

it may not be heard to complain that the award was not made within the prescribed period of time.

 The trial court awarded attorneys' fees, in the sum of $500, under the Insurance Code on the ground that the refusal of the defendant to honor the arbitrator's award and to pay the plaintiff was vexatious and without reasonable cause. (Ill Rev Stats 1969, c 73, par 767.) We believe that the trial court properly allowed such fees. Our courts have uniformly held that the laws in existence at the time a contract is made, and in particular, the Uniform Arbitration Act, are a part of every contract made thereunder. The language and meaning of the Arbitration Act, providing that a party waives the objection to an award not being made in time unless he notifies the arbitrator of his objection prior to the delivery of the award, is unambiguous. There was absolutely no conflicting clause in the insurance agreement, or the rules for arbitration, to which the agreement referred. We do not believe that there was a reasonable question of interpretation of the contract under these facts. Consequently, the award of fees was proper.

The plaintiff has petitioned this court to allow additional reasonable attorneys' fees by reason of the appeal. The petition has included the additional time and efforts necessary to the appeal.

██ Paragraph 767(b) of the Insurance Code provides that the attorneys' fees may not exceed $1,000. The trial court awarded fees for the trial of the case before that court. The plaintiff's petition, setting forth the work done and the time spent in handling this case subsequent to the award of fees by the trial court, would warrant additional reasonable attorneys' fees in excess of $500. Under our view of the case, the plaintiff is entitled to attorneys' fees under paragraph 767(b) of the Insurance Code, and has established to this court his right to the remainder of the maximum permitted him

under the statute. Under Supreme Court Rule 366 (Ill Rev Stats 1969, c 110A, par 366(a)(5)) this court may, in its discretion, make any further order and grant any relief which the case may require.

Accordingly, the judgment of the trial court is affirmed and further judgment for fees is entered herein in favor of Nelda J. Goble, plaintiff, and against Central Security Mutual Insurance Co., defendant, in the sum of $500, and execution may issue thereon.

Judgment affirmed. Further judgment in favor of the plaintiff and against the defendant in the sum of $500.

MORAN and SEIDENFELD, JJ., concur.