■ CARMEN ROSARIO et al., Appellants, v JOSE CARRASQUILLO et al., Respondents. — Order and judgment (one paper) of the Supreme Court, Bronx County (Kent, J.) entered October 6, 1981, reversed, on the law and the facts, without costs, plaintiffs' motion to vacate the arbitrator's award granted, defendants' cross motion to confirm the award denied and the matter remanded for hearing before another arbitrator. Plaintiffs were injured as the result of a collision between an automobile owned by plaintiff Rosario with one owned by defendant Carrasquillo and operated by defendant McCray. Since the Carrasquillo vehicle was uninsured plaintiffs sought recovery under the uninsured motorist indorsement contained in Rosario's policy of insurance. Request was made of the American Arbitration Association that it designate an arbitrator as provided in the indorsement. On November 26, 1980 the American Arbitration Association notified the parties of the appointment of the arbitrator and fixed December 15, 1980 as the date for hearing. The hearing proceeded as scheduled and was completed on the same day. Section 28 of the Accident Claims Rules of the American Arbitration Association provides: "The Arbitrator shall render the Award promptly and, unless otherwise agreed by the parties, not later than thirty days from the date of the close of the hearings or the reopened hearings". Notwithstanding this provision the arbitrator failed to render his decision within the prescribed time. On February 24, 1981, the seventy-first day following the hearing, plaintiffs notified the American Arbitration Association that since no award had been rendered within the time fixed by the rule they considered the hearing "null and void". On April 9, 1981, the association transmitted to the parties the award of the arbitrator, acknowledged on March 31, 1981. CPLR 7507, so far as here pertinent, provides that: "the award shall be in writing, signed and acknowledged by the arbitrator making it within the time fixed by agreement". The uninsured motorist indorsement provides that a claim thereunder shall be arbitrated under the rules of the American Arbitration Association. Thus, the rules, including the section limiting the time within which the award shall be rendered, are part of the agreement between the parties. The arbitrator was, therefore, required to render his award not later than 30 days from December 15, 1980 or by January 14, 1981. Plaintiffs did not agree to extend the date for the rendition of the award. Indeed, on February 24, 1981, 35 days before the award was acknowledged, they expressly notified the American Arbitration Association that they considered the hearing a nullity because of the failure of the arbitrator to abide by the time limitation contained in the rules. In rendering the award after the time within which to do so had expired, indeed, not until 76 days after the time to do so had expired, the arbitrator exceeded his power. His award must, therefore, be vacated (CPLR 7511, subd [b], par 1, cl [iii]). Concur — Sandler, J. P., Carro, Bloom, Fein and Milonas, JJ.