**ASH APARTMENTS, a Limited Partnership, Pine Apartments, a Limited Partnership, Willow Apartments, a Limited Partnership, and Ranbir Sahni, Plaintiffs-Appellants,**

v.

**Benjamin MARTINEZ, a/k/a D. Benjamin Martinez, Defendant-Appellee.**

No. 82CA0271.

Colorado Court of Appeals, Div. I.

Sept. 2, 1982.

Rehearing Denied Oct. 14, 1982.

Certiorari Denied Jan. 10, 1983.

Michael L. Bender, P.C., Michael L. Bender, Denver, for plaintiffs-appellants.

Russell E. Vigil, Englewood, for defendant-appellee.

COYTE, Judge.

Plaintiffs appeal from the entry of a summary judgment affirming an arbitration award. We affirm.

Plaintiffs are three limited partnerships who own a number of apartment buildings. In 1973 the limited partnerships entered into separate contracts for defendant to perform construction work upon projects owned by the partnerships. The construction contracts all provided for arbitration of any disputes arising under the contracts. The parties agreed to arbitrate any disputes pursuant to the construction industry arbitration rules of the American Arbitration Association. One of those rules provides

that unless otherwise agreed by the parties or provided by law, arbitrators have thirty days from the close of the hearing to make an award.

After disputes arose the issues were submitted to arbitration. The arbitrators issued an award in favor of defendant in which they assessed the amounts owing by each of the limited partnerships to defendant. The award stated that it was made in full settlement of all claims and had taken into account all counterclaims made by the limited partnerships.

Plaintiffs contend that the trial court erred in granting summary judgment affirming the arbitration award in favor of defendant. In support of their allegation of error, plaintiffs assert that there was a disputed issue of material fact as to whether they had consented to an extension of the thirty-day period in which the arbitrators had jurisdiction to enter an award following the close of the hearing.

■ The question of whether plaintiffs consented to an extension is irrelevant to the disposition of this issue because it is uncontroverted that plaintiffs chose not to object to the timeliness of the award until after it was announced with a result which was unfavorable to them. Consequently, the issue is whether the trial court erred in granting summary judgment in favor of defendant on the basis that as a matter of law, plaintiffs had, by their conduct, waived the right to object to the timeliness of the award. *See Morlan v. Durland Trust Co.,* 127 Colo. 5, 252 P.2d 98 (1952).

We note initially that the Uniform Arbitration Act does not apply to the resolution of this controversy since the parties entered into the contract on April 1, 1973, and the Act applies only to agreements entered into on or after July 14, 1975. Section 13–22–222, C.R.S.1973 (1981 Cum.Supp.); *Columbine Valley Construction Co. v. Board of Directors,* 626 P.2d 686 (Colo.1981).

■ As stated in *R.E. Bean Construction Co. v. Middlebury Associates,* 139 Vt. 200, 428 A.2d 306 (1980):

"Certainly the general common law rule is that an award not rendered within a party-established time limitation is void.... In this case, however, neither party saw fit to object to the tardiness of the award until it was clear which was the loser. It is highly technical to require that an award be vacated for a reason which both parties were aware of before it was rendered, but which neither saw fit to complain of until it was clear which side lost..... Given such circumstances ... an objection based on tardiness in rendering an award is waived when not asserted before rendition of the award."

Since plaintiffs here also chose to wait until it saw the results of the award, it waived its right to assert the untimeliness of the award as a defect. Consequently, the arbitrators' award will not be vacated on this basis. *Columbine Valley Construction Co. v. Board of Directors, supra.*

Plaintiffs next contend that the trial court erred in affirming the arbitration award since the arbitrators made no findings of fact. We disagree.

■ An arbitration award does not need to contain specific findings of fact if there is no statute or contractual provision in the arbitration agreement which requires such findings. *Columbine Valley Construction Co. v. Board of Directors, supra.*

■ Here, the applicable rule, C.R.C.P. 109, does not require the arbitrators to make specific findings of fact and the arbitration agreement did not require any factual findings. Consequently, since the arbitrators had jurisdiction to resolve all contractual disputes between the parties, specific factual findings on each matter in issue were unnecessary. *Columbine Valley Construction Co. v. Board of Directors, supra.*

Plaintiffs last contend that the trial court erred in affirming the arbitrators' award since there was no evidence that the arbitrators were sworn and since they did not file their oath with the award. We disagree.

■ Plaintiffs raised this issue for the first time in their motion to alter or amend the judgment which they filed after the court had granted a summary judgment in favor of defendant. Furthermore, plaintiffs have not offered any evidence in support of this allegation and did not include the arbitrators' award in the record. Consequently, we will not consider this allegation of error.

Judgment affirmed.

SMITH and KELLY, JJ., concur.