Bettina Tencer **RUFF**

v.

**METROPOLITAN PROPERTY AND LIABILITY INSURANCE COMPANY.**

No. 84–11–Appeal.

Supreme Court of Rhode Island.

May 9, 1986.

Ronald J. Resmini, Providence, for plaintiff.

R. Sheridan, Jr., Roberts, Carroll, Feldstein & Tucker, Inc., Providence, for defendant.

## OPINION

KELLEHER, Justice.

This dispute concerns an arbitrator's award made pursuant to an arbitration provision of the uninsured-motorist-insurance section of an automobile liability policy issued by the insurer. The disputants are before us on the claimant's appeal from a Superior Court justice's denial of the claimant's petition to vacate the arbitrator's award. In the appeal the claimant raises three issues, two of which deserve but brief comment. Hereafter we shall refer to the claimant, Bettina Tencer Ruff, by her first name.

■ Bettina faults the trial justice for his failure to vacate the award because she believes the arbitrator failed to include within the award prejudgment interest. In *Paola v. Commercial Union Assurance Companies*, 461 A.2d 935, 937 (R.I. 1983), we stressed that when the arbitrator awards a lump sum and no indication is present of interest's being or not being included in the award, this court will not speculate whether the interest is included within the award. Following the approach taken in *Paola*, we shall affirm the arbitrator's monetary award because on this record we do not find the award to be irrational.

■ Bettina also contends that the trial justice erred when he ruled that the insurer had complied with the discovery provisions of Rule 36 of the Superior Court Rules of Civil Procedure. This contention overlooks our holding in *Lutz Engineering Co. v. Sterling Engineering & Construction Co.*, 112 R.I. 605, 314 A.2d 8 (1974), where we emphatically stated that an arbitration proceeding is not an action at law and that consequently the parties in such proceedings may not invoke the discovery provisions of the Superior Court Rules of Civil Procedure. We would acknowledge that subsequently, in *American Federation of Teachers, Local 2012 v. Rhode Island Board of Regents for Education*, 477 A.2d 104, 106 (R.I. 1984), we clarified the holding in *Lutz* by emphasizing that once judgment is entered, the Superior Court Rules of Civil Procedure would apply from that point on. However, this clarification is of no assistance to Bettina.

■ To put Bettina's final contention in its true perspective, it is necessary that we detail just a portion of the travel of this dispute. The arbitration hearings were closed on May 3, 1983, and the arbitrator's award was filed over three months later on August 12, 1983. The lapse between the end of the hearings and the rendition of the award raises a question about the timeliness of the award.

The Rhode Island Arbitration Act, G.L. 1956 (1985 Reenactment) chapter 3 of title 10, contains no provision limiting the period during which an arbitrator must make an award. However, here Bettina and the insurer had stipulated that the Accident Claims Arbitration Rules of the American Arbitration Association (AAA) were to govern the arbitration facet of this controversy. Rule 28 provides that the arbitrator shall render the award promptly and, unless otherwise agreed by the parties, not later than thirty days after the closing of the hearing or the reopened hearings. Rule 28, AAA, Accident Claims Arbitration Rules, effective July 1, 1982.

At common law an arbitrator's award was void if rendered after the time limitation specified by the parties. *Brandon v. Hines*, 439 A.2d 496, 510 (D.C. Ct. App. 1981); *R. E. Bean Construction Co. v. Middlebury Associates*, 139 Vt. 200, 209, 428 A.2d 306, 311 (1980). Rule 24 of the applicable AAA rules stipulates that any party who proceeds with arbitration after knowledge that any provision or requirement of the rules has not been complied

with and who fails to state an objection thereto in writing shall be deemed to have waived the right to object.

In *Monmouth School Committee v. Huston,* 437 A.2d 621, 623 (Me. 1981), the Maine Supreme Court, in considering a provision similar to Rule 24 in the AAA Voluntary Labor Arbitration Rules, observed that such provision enhances the prospect of arbitrable finality that is necessary if arbitration is to offer an effective alternate solution to litigation. The court also emphasized that the waiver provision permits efficient dispute resolution by preventing a party from waiting to see if the arbitrator rules in his or her favor before claiming that the arbitration procedure did not conform to the rules. Similar sentiments have been expressed in *Ash Apartments v. Martinez,* 656 P.2d 708, 709 (Colo. Ct. App. 1982); *R. E. Bean Construction Co.,* 139 Vt. at 209, 428 A.2d at 311–12; *Lent's, Inc. v. Santa Fe Engineers, Inc.,* 29 Wash. App. 257, 263–64, 628 P.2d 488, 491–92 (1981). However, if objection is raised before the award is rendered, the award is subject to being vacated. *See Rosario v. Carrasquillo,* 88 A.D.2d 874, 451 N.Y.S.2d 776 (1982). "A party waives the objection that an award was not made within the time required unless he notifies the arbitrators of his objection prior to the delivery of the award to him." *Domke on Commercial Arbitration,* § 29.01 at 428 (Wilner rev. ed. 1984). Since Bettina's objection to the timeliness of the award came after the delivery, she has waived any right to object.

Bettina's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remanded to the Superior Court.