ALLSTATE INSURANCE COMPANY, Plaintiff-Appellant, v. DORCIE FISHER, Defendant-Appellee.

First District (3rd Division) No. 1—90—0186

Opinion filed April 3, 1991.

Law Office of Clifford P. Mallon, of Chicago (Robert Guilfoyle and Patrick R. Stoker, of counsel), for appellant.

Heller & Richmond, Ltd., and Schwartzberg, Barnett & Cohen, both of Chicago (Benjamin H. Cohen, of counsel), for appellee.

JUSTICE GREIMAN delivered the opinion of the court:

The plaintiff, Allstate Insurance Company (hereinafter Allstate), filed a petition to vacate an arbitration award rendered under the "uninsured motorist" provision of an insurance policy issued by it to the defendant, Dorcie Fisher (hereinafter Policyholder).

Allstate seeks to set aside the award due to the failure of the arbitrator to render the award within 30 days after the closing of the arbitration hearing as provided by the rules of the American Arbitration Association (hereinafter AAA), the appropriate regulatory authority established by the terms of Allstate's policy.

The trial court granted the Policyholder's motion to dismiss and dismissed Allstate's petition with prejudice. We affirm the trial court.

The facts are not in dispute. On October 13, 1987, the Policyholder filed a demand for arbitration with the AAA for personal injuries sustained in a motor vehicle accident with an uninsured motorist. The Allstate policy provided that the rules of the AAA would be applicable to such arbitration proceedings.

The Policyholder appeared at hearings on September 21, 1988, and November 4, 1988, which were continued. The final proceedings in the arbitration of the Policyholder's claim were on June 29, 1989. On August 1, 1989, Allstate wrote the AAA objecting to the entry of an award by reason of the provisions of Rule 28 of the AAA rules which provided for the rendering of the award no later than 30 days from the close of the hearing, unless otherwise agreed by the parties or specified by law.

■ Section 8(b) of "An Act relating to arbitration ***" (Ill. Rev. Stat. 1987, ch. 10, par. 101 et seq.), Illinois' adaptation of the Uniform Arbitration Act, provides:

"An award shall be made within the time fixed therefore by the agreement \*\*\*. The parties may extend the time in writing either before or after the expiration thereof. A party waives the objection that an award was not made within the time required unless he notifies the arbitrators of his objection prior to the delivery of the award to him."

Rule 28 of the rules of the AAA provide as follows:

"The arbitrator shall render the award promptly and, unless otherwise agreed by the parties or specified by law, no later than thirty days from the date of closing the hearing \*\*\*."

The award was received by the AAA on August 25, 1989, 26 days after the day established by rules and statute for the filing of the award.

Policyholder claims that the issue here presented is one of first impression in Illinois, and Allstate notes that only one Illinois court has inferentially addressed the issue. *Goble v. Central Security Mutual Insurance Co.* (1970), 125 Ill. App. 2d 298, 260 N.E.2d 860.

■ Judicial review of an arbitration award is more limited than an appellate review of a trial court's opinion. (*Garver v. Ferguson* (1979), 76 Ill. 2d 1, 8.) Both parties acknowledge that this court has the opportunity to follow decisions from other jurisdictions that require strict adherence to procedural rules or those that follow liberal contract guidelines to provide relief to the objecting party only on a showing of damages occasioned by the delay in filing.

Decisions from the latter part of the last century and the early 20th century provided a hostile environment for arbitration. Courts required an exacting adherence to the rules of procedure and agreements between the parties. (*Buntain v. Curtis* (1872), 27 Ill. 374.) Perhaps the classic decision in this regard is *Elliott v. Hanson* (1878), 39 Mich. 157, where an award was held invalid when rendered in the afternoon of August 3 instead of at 10 a.m. as required by the agreement.

■ Early courts in Illinois and elsewhere did not favor arbitration as a means of dispute resolution. Agreements to submit a future dispute to arbitration were against the public policy of this State and unenforceable. *White Eagle Laundry Co. v. Slawek* (1921), 296 Ill. 240.

To meet the needs of a litigious society, the Illinois General Assembly and other legislatures have adopted legislation authorizing and regulating submission of disputes to arbitration. See Ill. Rev. Stat. 1987, ch. 10, par. 101 *et seq.*

The State's insurance code requires automobile policies containing uninsured motorist clauses to provide for arbitration (Ill. Rev. Stat. 1987, ch. 73, par. 755a *et seq.*). Although not relevant to these proceedings, a mandatory arbitration process has recently been established in

several large urban counties in the State pursuant to Illinois Supreme Court Rule 86 (134 Ill. 2d R. 86).

These legislative enactments and the cases construing them provide a clear expression of the public policy of Illinois which looks with favor upon the resolution of disputes by arbitration.

Allstate relies heavily on the inferences gleaned from *Goble v. Central Security Mutual Insurance Company,* where the court determined that the failure of a party to object prior to the entry of an untimely award will be deemed a waiver of the right to contest the violation of the limitations set by the arbitration rules. From this decision, Allstate reasons that its timely objection on August 1, 1989, two days after the period had run, is sufficient to destroy the validity of the award made 26 days later.

In upholding the agreement, the *Goble* court stated: "These rules *** make no provision for the effect of the failure to object to the award not having been made in time." (125 Ill. App. 2d at 303.) Here, the court recognizes that in the absence of specific provisions as to the effect of noncompliance with the AAA rules, courts will have to resort to other legal principles to determine the controversy.

■ *Goble* observes that the rules are silent on the effect of the failure to object. It should be here noted that the rules are similarly silent on the effect where a party has objected to the award having not been made in a timely fashion. Accordingly, we must resort to other legal principles in that situation as well.

Even those cases that have declined to give effect to the arbitrator's tardy report acknowledge that the time limits are not jurisdictional and that the arbitrator may still render the award for a variety of reasons. *Campbell v. Castle Shannon Borough* (1984), 83 Pa. C. 264, 476 A.2d 1018; *Ruff v. Metropolitan Property & Liability Insurance Co.* (R.I. 1986), 508 A.2d 672; *Rosaria v. Carrasquillo* (1982), 88 A.D.2d 874, 451 N.Y.S.2d 776.

The most recent cases, however, have been reluctant to provide strict enforcement of the statute or rules of the AAA. In 1987, a West Virginia court, upholding the arbitrator's six-day tardy award, remarked:

"A fair reading of the cases indicates that in instances when an arbitration award is delayed courts must apply a rule of reason. The threshhold question then becomes whether the party raising the delay issue has been prejudiced by the delay. In this regard the complaining party is more likely to show prejudice by long delay than the party against whom the complaint has been made because arbitration is a substitute for court action. Usually, how-

ever, the delay issue is used only to establish colorable grounds for challenging an otherwise just and reasonable award [in order] to postpone paying off the winner. We disapprove of that tactic. As is usual in these cases that use delay to buy more delay, we have in the case before us only a classic example of *damnum absque injuria* (more commonly expressed in the coal fields as 'no hurt, no foul').[2]

---

[2]*** [A] short *de minimis* delay by which no one is harmed should not be permitted to void the prolonged efforts of the arbitrators." *Anderson v. Nichols* (W. Va. 1987), 359 S.E.2d 117, 121 n.2.

The *Nichols* court allows that the delay must not be too long, must not be the fault of the parties, and the work done by the arbitrator preceding the making of the award ought to be substantial. There are no allegations in the instant case that the delay was unreasonable, or that it was the fault of any of the parties. Moreover, the work done by the arbitrator preceding the award was, within the framework of this case, substantial in that it appeared to resolve all of the issues in the case.

Other jurisdictions have determined that a two-week delay is not fatal to the arbitrator's award. (*Brandon v. Hines* (D.C. App. 1981), 439 A.2d 496.) In *Tomczak v. Erie Insurance Exchange* (W.D. Pa. 1967), 268 F. Supp. 185, a party's refusal to agree to an extension of the time within which the arbitrator's award might be rendered did not invalidate the award when issued sometime after the time limited for the rendering of such decision.

The parties enjoy freedom of contract and may impose upon themselves such limitations as they deem in their respective best interests. Since neither the statute nor the rules of the AAA provide that time is of the essence in the rendering of the arbitrator's decision, the parties could have imposed such a limitation. Moreover, the General Assembly or the AAA could have effected appropriate amendments to reflect a change in philosophy.

While the Illinois statute contemplates that a party may object prior to the rendering of the decision, the statute does not direct us to the remedy available to the objecting party and therefore we apply ordinary, contract rules.

The general rules of construction do not require that a court infer from a contract that time was meant to be of the essence. (*King v. Stephenson* (7th Cir. 1971), 445 F.2d 565.) In the absence of such a provision, the mere tardiness in the filing of an award will not obviate the effects of arbitration unless the objecting party can show that the rights of third parties have intervened, the rights of the objecting party have

been injured by the delay or the time within which the award has been rendered is unreasonable.

The issue of reasonableness must be left to a case-by-case consideration. In *Nichols,* six days were not unreasonable. In *Hines,* two weeks were not unreasonable, and in the instant case, 26 days are not unreasonable.

In reaching this more liberal view, we are also mindful that a contrary decision would serve to generate litigation against arbitrators and that there is a likelihood qualified practitioners would be less interested in participating in the arbitration process.

As previously noted, Illinois strongly favors resolution of disputes by arbitration, and awards which otherwise provide parties with a just result and fair process should not be set aside for minor technical violations of the rules.

For that reason, we affirm.

Affirmed.

CERDA, P.J., and WHITE, J., concur.