VASCULAR SURGERY ASSOCIATES, P.C., *et al.*, Plaintiffs-Appellees, v. BUSINESS SYSTEMS, INC., Defendant-Appellant.

First District (2nd Division)   No. 1—92—4228

Opinion filed November 9, 1993.

Rieck & Crotty, P.C., of Chicago (Jerome F. Crotty and Marcia C. Bellows, of counsel), for appellant.

John Patrick Healy, of Chicago, for appellees.

JUSTICE DiVITO delivered the opinion of the court:

Following an arbitration hearing of a dispute concerning the sale of computer equipment and software, two arbitrators found that plaintiffs Vascular Surgery Associates and Vascular Diagnostic Associates (Vascular) should return the computers to defendant Business Systems, Inc. (BSI), and that BSI should pay Vascular $40,388.62 plus interest. A third arbitrator found that neither party should recover due to ambiguities in the contract. On October 27, 1992, the circuit court granted Vascular's motion to confirm the award. (Ill. Rev. Stat. 1991, ch. 10, par. 111 (now codified as 710 ILCS 5/11 (West 1992)).) On appeal, BSI contends that the circuit court erred in confirming the arbitration award because it was entered after the 30-day time period mandated by the contract and the rules of the American Arbitration Association (AAA).

In 1986, Vascular purchased computer equipment and software from BSI for use in connection with a medical practice. The contract provided that "[d]isputes that cannot be mutually settled [would] be subject to binding arbitration *** pursuant to the Rules of Commercial Arbitration then prevailing of the American Arbitration Association." Subsequently, a dispute arose regarding the existence and alleged breach of various warranties, and an arbitration hearing was held on August 16, 1989. Following the hearing, the parties agreed to a three-month briefing schedule to submit written arguments, ending November 11, 1989.

On October 3, 1989, one of the arbitrators, Raymond Roffi, sent a

letter to Michael Johnson, the AAA tribunal administrator, stating that, based on his review of the evidence and the written arguments, he found that neither party should recover due to ambiguities in the original contract. On November 11, 1989, Johnson sent a letter to the three arbitrators who heard the dispute, stating that they were required to render their award within 30 days of the close of the hearings. Johnson also included Vascular's reply brief, the final written submission.

Five to six months later, Johnson called Roffi to see if he would concur in the award proposed by the other two arbitrators. Roffi replied that any proposed award was void because it was untimely under AAA rules. Despite Roffi's protestation, AAA transmitted the award to the parties on May 10, 1990. Under the award, Vascular was ordered to return the computer equipment, and BSI was required to pay Vascular $40,388.62 plus 7% interest compounded quarterly from December 31, 1986.

On February 6, 1991, Vascular filed a petition in the circuit court to confirm the arbitration award. On September 13, 1991, BSI filed a motion to dismiss Vascular's petition, asserting that the award was void because it was untimely and no agreement to extend the time period was ever reached. BSI also filed with the AAA a motion to nullify the award based on the same grounds. On July 10, 1992, the circuit court denied BSI's motion to dismiss, and on September 23, 1992, AAA informed the parties that it was "without authority *** to nullify an award or vacate an award." Thereafter, on October 27, 1992, the circuit court entered an order confirming the arbitration award, finding that the total judgment amount as of that date was $60,193.

On appeal, BSI contends that the circuit court erred when it confirmed the award because, under AAA rules, the arbitrators lacked jurisdiction to render the award. BSI also asserts that the delay was "unreasonable and prejudicial" because the value of the computer equipment and software was "steadily declining rendering the prospects of resale nil." In response, Vascular maintains that because BSI did not object to the delay until after the award was entered, it may not complain that the award was invalid.

■ Section 8(b) of the Uniform Arbitration Act (Ill. Rev. Stat. 1991, ch. 10, par. 108(b) (now codified as 710 ILCS 5/8(b) (West 1992))), states that "[a]n award shall be made within the time fixed therefor by the agreement." Here, the contract provided that disputes would be resolved by arbitration according to the rules of the AAA. Under AAA Rule 41, "[t]he arbitration award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified

by law, no later than thirty days from the date of the closing of the hearings." Rule 35 defines "the closing of the hearings" as "the final date set by the arbitrator for the receipt of briefs." Therefore, under the contract and the AAA rules, the arbitrators here were required to render their award by December 11, 1989, 30 days after the final written submission.

In the instant case, the award was not rendered until May 10, 1990, nearly five months after it was due. That delay did not automatically invalidate the award, however. As this court has stated, "mere tardiness in the filing of an award will not obviate the effects of arbitration unless the objecting party can show that *** [it has] been injured by the delay or the time within which the award has been rendered [was] unreasonable." *Allstate Insurance Co. v. Fisher* (1991), 212 Ill. App. 3d 712, 716-17, 571 N.E.2d 792 (affirming the arbitration award and finding that a 26-day delay was not unreasonable despite a timely objection by the objecting party); but see *Klinefelter v. American Employers Insurance Co.* (Fla. Dist. Ct. App. 1983), 438 So. 2d 864 (holding that an untimely award must be vacated because the arbitrators lose jurisdiction to render an award after the expiration of the relevant time period).

In the instant case, BSI asserts that it was injured by the delay because the value of the computer equipment at the heart of the dispute was "steadily declining." While the decreasing value of the equipment was an inevitable result of the passage of time and the progression of technology, the lengthy delay here exacerbated the decline and vitiated the purpose of arbitration, which is the swift and economical resolution of disputes. (See *Edward Electric Co. v. Automation, Inc.* (1992), 229 Ill. App. 3d 89, 96, 593 N.E.2d 833, *appeal denied* (1992), 146 Ill. 2d 625, 602 N.E.2d 450.) Accordingly, it cannot be said that the delay here was "reasonable."

Nevertheless, BSI cannot complain that the award's validity was affected by the delay because it made no objection to the delay until after it received notice of the arbitrators' decision. Under section 8(b) of the Uniform Arbitration Act, "[a] party waives the objection that an award was not made within the time required unless he notifies the arbitrators of his objection prior to the delivery of the award to him." (Ill. Rev. Stat. 1991, ch. 10, par. 108(b) (now codified as 710 ILCS 5/8(b) (West 1992)).) The rationale underlying this rule is to prevent a party from waiting to see if the arbitrators rule in its favor, and then, if not, claim that the award was invalid as a result of the delay. (*Goble v. Central Security Mutual Insurance Co.* (1970), 125 Ill. App. 2d 298, 303, 260 N.E.2d 860.) Accordingly, BSI waived any objection to the delay.

334

Moreover, BSI cannot adopt as its own the dissenting arbitrator's objection to the delay. Section 8(b) clearly requires the "party" to make the objection, not one of the arbitrators. To allow BSI to utilize Roffi's statement to Johnson would undermine the purpose of the rule. The record is plain that BSI waited until the arbitrators ruled against it before raising any objection to the delay. This represents a "classic example of waiver" (*Goble*, 125 Ill. App. 2d at 303), and BSI should not be rewarded by having its waiver excused simply because one of the arbitrators expressed concern over the length of time it took the other arbitrators to render their award.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McCORMICK, P.J., and SCARIANO, J., concur.