**James GERGEL and Carol Gergel, Plaintiffs–Appellees,**

v.

**HIGH VIEW HOMES, LLC, and Linda A. Elliott, Defendants–Appellants.**

No. 98CA0884.

Colorado Court of Appeals, Div. III.

Sept. 30, 1999.

Certiorari Denied April 10, 2000.

Vanatta, Sullan, Sandgrund & Sullan, P.C., Scott F. Sullan, Tami D. Cowden, William E. Dorigan, Ronald M. Sandgrund, Englewood, Colorado, for Plaintiffs–Appellees.

Brega & Winters, P.C., James W. Bain, Denver, Colorado, for Defendants–Appellants.

Opinion by Judge ROY.

Defendants, High View Homes, LLC (builder), and Linda A. Elliott (builder's manager), appeal from the trial court's denial of their motion to stay these proceedings brought by plaintiffs, James and Carol Gergel, and compel arbitration. We reverse and remand.

Plaintiffs contracted with builder for the construction and purchase of a residence. Builder's manager acted as an agent of builder in the transaction.

The Contract to Purchase (contract) provided that at closing the parties would execute a Limited Warranty Agreement (warranty) that required arbitration of all

disputes relating to warranty issues. In addition, the contract provided that the claims, rights, and remedies of the plaintiffs under the contract were limited to those set forth in the warranty. The warranty stated that any disputes which could not be resolved between the parties would be submitted to binding arbitration.

Plaintiffs alleged that shortly after moving into the residence, they observed significant distress to the structure caused by the swelling of expansive soil. Plaintiffs filed this action alleging five claims for relief, including negligence, violation of § 6–1–113, C.R.S. 1999 (Colorado Consumer Protection Act), negligent misrepresentation, negligent concealment, and a breach of § 6–6.5–101, C.R.S.1999 (Soils Disclosure Act).

Defendants moved to stay the proceedings pursuant to § 13–22–204, C.R.S.1999, pending the completion of arbitration. The trial court denied the motion, concluding that the arbitration clause of the warranty covered only the claim for negligence. It further concluded that the intertwining doctrine precluded severance of the claims because of the possibility of inconsistent findings by different tribunals on the same evidence. Therefore, the trial court ordered that all of plaintiffs' claims be tried in the district court.

## I.

Defendants assert that the trial court erred in failing to stay the proceedings to permit arbitration. We agree.

■■■ In denying the motion as to all of the claims except the negligence claim, the trial court applied the intertwining doctrine. The purpose of the intertwining doctrine is to prevent inconsistent determinations by different forums. If the factual and legal issues are inextricably intertwined, then the claims must not be severed because severance could result in an arbitrator infringing upon a court's duty to decide the non-arbitrable claim. *City & County of Denver v. District Court*, 939 P.2d 1353 (Colo.1997). *But see Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). However, if all claims fall within the scope of an arbitration clause, the intertwining doctrine does not come into play.

Accordingly, we must determine: (1) what claims, if any, fall under the arbitration provision; and (2) if there are claims that are not subject to the arbitration agreement, whether those claims are so inextricably intertwined with those subject to arbitration as to prevent severance.

■■■ Arbitration is a favored means of dispute resolution. *See National Camera, Inc. v. Love*, 644 P.2d 94 (Colo.App.1982). Any doubts about the scope of an arbitration clause should be resolved in favor of arbitration. *See Cabs, Inc. v. Delivery Drivers, Warehousemen & Helpers Local Union*, 39 Colo.App. 241, 566 P.2d 1078 (1977).

■■■ A court may refuse to compel arbitration only upon a showing that there is no agreement to arbitrate or that the issue sought to be arbitrated is clearly beyond the scope of the arbitration provision. *Jefferson County School District No. R–1 v. Shorey*, 826 P.2d 830 (Colo.1992).

■■■ Arbitration is a matter of contract, and the ordinary principles of contract interpretation apply. *See Eychner v. Van Vleet*, 870 P.2d 486 (Colo.App.1993). The primary goal of contract interpretation is to give effect to the expressed intention of the parties. In determining that intent, the court must examine the wording of the arbitration clause and accord its terms their plain and ordinary meanings. *Austin v. U.S. West, Inc.*, 926 P.2d 181 (Colo.App.1996). The scope of an arbitration clause must faithfully reflect the reasonable expectations of the parties. *See City & County of Denver v. District Court, supra.*

■■■ In determining whether an arbitration provision encompasses a particular dispute, a court must determine whether the factual allegations underlying the claim are within the scope of the arbitration clause, regardless of how the claim is characterized in the pleading. The fact that a claim sounds in tort does not necessarily take it out of a clause requiring arbitration of a contract dispute. If that were the rule, parties could avoid arbitration, or frustrate any agreement

to arbitrate, by simply framing their claims in tort. *See City & County of Denver v. District Court, supra.*

Here, although the trial court determined that only the negligence claim was arbitrable, the plain meaning of the warranty does not suggest an intent of the parties that tort or statutory claims be excluded from arbitration. As quoted below, the express language of the warranty agreement provides that *all* claims, disputes, and other matters in question "arising out of, or relating to" the warranty were to be submitted to arbitration if the claims were not resolved by the parties. The inclusion of the phrase "relating to" in the warranty indicates that the scope of the arbitration provision is broad and inclusive, rather than narrow and exclusive. *See City & County of Denver v. District Court, supra.*

At the outset, plaintiffs contend that none of their claims relate to the warranty, and that the trial court erred in finding that the negligence claim was arbitrable. They have not, however, appealed the trial court's order to that effect, and, therefore, we do not address that issue. *See City of Delta v. Thompson,* 37 Colo.App. 205, 548 P.2d 1292 (1975).

Here, the contract provided, in pertinent part:

> Seller and Purchasers agree . . . to execute at closing Seller's Limited Warranty Agreement which requires all disputes relating to warranty issues to be submitted to arbitration. *After closing, all claims, rights and remedies of Purchasers arising out of this contract and Seller's construction shall be limited to those set forth in such Limited Warranty Agreement.* (emphasis added)

With respect to dispute resolution, the warranty provides:

> The Purchaser shall promptly contact the Seller's Warranty Department regarding any disputes involving this Agreement. If discussions between the parties do not resolve such dispute, then any unresolved controversy, claim or dispute shall be settled as follows:

> A. All claims, disputes and other matters in question arising out of, or relating to, this HVHLWA [High View Homes Limited Warranty Agreement] shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then applicable unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

> . . . .

> C. The award rendered by the arbitrators shall be final and judgment may be entered upon it in accordance with applicable law in any court having jurisdiction thereof.

Plaintiffs contend that their claims are not arbitrable because (1) only issues covered by the warranty agreement are arbitrable and damages caused by soil expansion are not covered by the warranty; and (2) the builder disclaims all damages caused by expansive soils. We disagree.

With regard to damages caused by cracking and heaving, the contract provides:

> Purchasers have been advised that the concrete slabs are not structural and are not covered by the structural warranty as contained in the [warranty], and that minor cracking and heaving are not covered by the [warranty] unless such cracking and heaving becomes excessive. . . .

The warranty, in turn, expressly excludes coverage for loss or damage caused by soil movement that is compensated for by legislation or covered by homeowner's insurance. Thus, the express language of the contract and warranty, taken together, does address expansive soil issues and the builder did not disclaim all damages caused by expansive soils. The builder did limit its exposure to only those situations in which the damage was excessive and not otherwise covered or limited.

At their core, plaintiffs' Consumer Protection, negligent misrepresentation, breach of the Soils Disclosure Act, and negligent non-disclosure or concealment claims are all based on allegations that defendants repre-

sented to plaintiffs it would build them a home without defects, and failed to do so. Additionally, plaintiffs' statutory claims arising under the Consumer Protection and Soil Disclosure Act are based on defendants' alleged failure adequately and clearly to inform plaintiffs that their home was being built on expansive soil. Such claims, in our view, arise out of, or relate to, the warranty agreement.

Therefore, we conclude that all of plaintiffs' claims are encompassed by the broad arbitration provision in the warranty and that, contrary to the trial court's ruling, those claims are subject to arbitration. Having so concluded, we need not address the issue of whether any of plaintiffs' claims is so inextricably intertwined as to preclude severance of the claims.

The order is reversed and the cause is remanded to the trial court with directions to stay the proceedings pending arbitration.

Judge PLANK and Judge CASEBOLT concur.