**H. Michael SOPKO, Plaintiff–Appellant,**

**v.**

**CLEAR CHANNEL SATELLITE SER-VICES, INC., Donald Harms, and Monty Dent, Defendants–Appellees.**

No. 05CA1811.

Colorado Court of Appeals, Div. VI.

Nov. 30, 2006.

Mitchem & Flanigan, LLC, James E. Mitchem, Denver, Colorado, for Plaintiff–Appellant.

Brownstein Hyatt & Farber, P.C., David D. Powell, Jr., Richard P. Barkley, Denver, Colorado, for Defendants–Appellees.

* Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and

§ 24–51–1105, C.R.S.2006.

Opinion by Judge J. JONES.

Plaintiff, H. Michael Sopko, appeals the district court's order granting the motion filed by defendants, Clear Channel Satellite Services, Inc., Donald Harms, and Monty Dent, to stay additional arbitration proceedings and vacating the arbitrator's interim award in plaintiff's favor. We reverse and remand for additional proceedings.

## I. Background

Plaintiff is a former employee of defendant Clear Channel Satellite Services, Inc. Defendants Donald Harms and Monty Dent are management employees of Clear Channel.

In February 2004, plaintiff filed a complaint against defendants in district court, asserting claims for unpaid wages, for nonpayment on a check, and for the value of a computer allegedly taken by defendants. In 2002, plaintiff had executed an "Arbitration Agreement" with Clear Channel, in which they agreed to submit claims between them to arbitration to be conducted under the auspices of, and in accordance with the rules of, the American Arbitration Association (AAA). Accordingly, the parties then filed a joint motion pursuant to former § 13–22–204(1), Colo. Sess. Laws 1975, ch. 154 at 573–74, to stay further proceedings pending arbitration. The district court granted the motion to stay.

Plaintiff's demand for arbitration included additional claims for relief, including federal law claims for age discrimination and religious discrimination. The arbitration occurred over six days. On December 28, 2004, the AAA notified the parties that the arbitration hearing was closed. The arbitrator issued an interim award on January 24, 2005, in which she found in plaintiff's favor on his claim under the Colorado Wage Act and on his age discrimination claim. The arbitrator awarded plaintiff $27,701.47 on his Colorado Wage Act claim, but ordered that an additional hearing be scheduled to hear additional evidence of plaintiff's damages on the age discrimination claim and on his claim for attorney fees. The arbitrator found in defendants' favor on plaintiff's remaining claims.

Defendants filed an objection to further proceedings with the arbitrator, asserting that the arbitrator's jurisdiction expired thirty days after the arbitration was formally closed pursuant to a clause in the Arbitration Agreement. The arbitrator denied the objection and scheduled the hearing on damages and attorney fees. In denying the objection to further arbitration proceedings, the arbitrator found that the parties had agreed to reserve the issue of attorney fees for posthearing presentation and resolution, thus rendering the thirty-day limit in the Arbitration Agreement inapplicable by its own terms. The arbitrator also found that because she was going to hold a hearing on attorney fees, it seemed appropriate to receive any additional evidence and hear any additional arguments from the parties regarding damages on the discrimination claim at that time. The arbitrator further found that defendants had failed to demonstrate any prejudice caused by any delay in issuing the final award, that there is no "time is of the essence" clause in the Arbitration Agreement, and that the Arbitration Agreement does not state that a "final" arbitration award shall issue no later than thirty days after completion of the hearing, but merely provides that some award by the arbitrator shall issue no later than thirty days from the date the arbitration hearing concludes. Finally, the arbitrator noted that the Arbitration Agreement and the AAA rules allowed her to request post-hearing briefs (which would extend the thirty-day limit in the Arbitration Agreement), which she essentially did by requesting a post-hearing presentation on damages and attorney fees.

Defendants then filed an emergency motion with the district court to stay the arbitration. Defendants argued that the arbitrator lacked jurisdiction to schedule a hearing on damages and attorney fees beyond the thirty-day period allowed by the terms of the Arbitration Agreement.

The district court, relying on the decisions in *Cohen v. Quiat,* 749 P.2d 453 (Colo.App. 1987), and *Ash Apartments v. Martinez,* 656 P.2d 708 (Colo.App.1982), concluded that the arbitration award must be made within the thirty-day period agreed to by the parties,

and that no final award had been issued within that time. Therefore, the court determined that the arbitrator's interim order was void, and that the arbitrator did not have authority to conduct a further hearing on the issues of damages, attorney fees, and costs. In effect, the district court's order denied plaintiff any recovery on his claims. Plaintiff appeals the district court's order.

## II. Discussion

■ Plaintiff contends that the district court erred in precluding further arbitration proceedings and vacating the interim award because there was no proper basis for disregarding the arbitrator's interpretation and application of the relevant provisions of the Arbitration Agreement. We agree.

The Arbitration Agreement provides:

Unless the parties and arbitrator agree otherwise, the arbitrator's award shall issue no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later.

The AAA rules, which were incorporated into the Arbitration Agreement, also provide: "The award shall be made promptly by the arbitrator and, unless otherwise agreed by the parties or specified by law, no later than 30 days from the date of closing of the hearing".…

In addition, Colo. Sess. Laws 1975, ch. 154, § 13–22–210(2) at 575, provided that "[a]n award shall be made within the time fixed therefor by the agreement or, if not so fixed, within such time as the court orders on application of a party."

The Arbitration Agreement also provides that the arbitrator is empowered to determine "[a]ny dispute concerning the arbitrability of any [potential] claim" and "[a]ny dispute regarding this Agreement, including but not limited to its enforceability, scope or terms.…" Thus, it is clear that the parties' dispute over the interpretation and application of the thirty-day provision is one that the parties contractually agreed to entrust to the arbitrator. We will enforce contractual provisions giving arbitrators such authority.

*See Galbraith v. Clark,* 122 P.3d 1061, 1064 (Colo.App.2005).

Here, the arbitrator interpreted and applied the thirty-day provision of the Arbitration Agreement, determining as a matter of fact that (1) the parties and the arbitrator had agreed to extend the thirty-day period to address the issue of attorney fees; (2) there was no indication in the Arbitration Agreement that "time is of the essence" in rendering the award; (3) defendants had not shown that they would suffer any prejudice if the final award was issued after January 28, 2005; and (4) her request for further presentation of evidence and argument on damages effectively constituted a request for post-hearing briefs, which extended the time for making an award. The arbitrator also determined as a matter of law that (1) the thirty-day provision is directory, rather than mandatory; and (2) defendants were therefore required to show that time was of the essence or that they would be prejudiced by virtue of any delay in issuing a final award.

Defendants do not contest the arbitrator's authority to decide the timeliness issue "in the first instance," but contend that the district court was entitled to substitute its judgment for that of the arbitrator on the timeliness issue, and that, as a matter of law, the arbitrator lost jurisdiction to conduct additional hearings thirty days after the AAA notified the parties that the hearing had been closed. We do not agree with either contention.

In arguing that the court could substitute its judgment for that of the arbitrator, defendants rely on the statute which governed the stay of arbitration proceedings at the time of the arbitration, Colo. Sess. Laws 1975, ch. 154, § 13–22–204(2) at 573–74. That subsection of the statute provided:

On application, the court may stay an arbitration proceeding commenced or threatened on a showing that there is no agreement to arbitrate. Such an issue, when in substantial and bona fide dispute, shall be forthwith and summarily tried and the stay ordered if found for the moving party. If found for the opposing party, the court shall order the parties to proceed to arbitration.

We do not read this provision as a general grant of authority for courts to second-guess arbitrators' decisions. Rather, this provision gives the court authority to stay an arbitration proceeding only where there is no contract between the parties to arbitrate or it is apparent from the language of the contract that the claim sought to be arbitrated is clearly beyond the scope of the arbitration clause. *See City & County of Denver v. Dist. Court*, 939 P.2d 1353, 1363–64 (Colo.1997); *Eagle Ridge Condo. Ass'n v. Metropolitan Builders, Inc.*, 98 P.3d 915, 917 (Colo.App. 2004); *Gergel v. High View Homes, LLC*, 996 P.2d 233, 235 (Colo.App.1999); *Lawrence Street Partners, Ltd. v. Lawrence Street Venturers*, 786 P.2d 508, 510 (Colo.App.1989); *Cabs, Inc. v. Delivery Drivers Local Union No. 435*, 39 Colo.App. 241, 244, 566 P.2d 1078, 1080 (1977). Where, however, there is an agreement to arbitrate, and a particular claim is not clearly beyond the scope of the arbitration clause—that is, where there is a reasonable basis for construing the agreement in support of arbitrability of the claim—the scope of the arbitration agreement must be determined by the arbitrator, not by the court. *Cabs, Inc., supra*, 39 Colo. App. at 244–45, 566 P.2d at 1080–81; *see also Youmans v. District Court*, 197 Colo. 28, 31, 589 P.2d 487, 489 (1979). Similarly, under these circumstances, questions of contract application and interpretation are for the arbitrator, not the court, to decide. *Container Technology Corp. v. J. Gadsden Pty., Ltd.*, 781 P.2d 119, 121–22 (Colo.App.1989).

In this case, the court's ruling went beyond determining whether a contract to arbitrate existed (a matter which was never disputed) and which claims fell within the scope of the arbitration clause (another matter which was never disputed). Rather, the court effectively disregarded the arbitrator's factual finding that the parties and the arbitrator had agreed to extend the hearing to address attorney fees and costs and the arbitrator's interpretation of the contract that by requesting post-hearing submissions relating to damages she had triggered the clause extending the time for making an award if post-hearing briefs were requested. Such determinations, however, are binding on review. *See Container Technology Corp., supra*, 781 P.2d at 121. Under the version of the statute in effect during the time period relevant in this case, a court could set aside such decisions only in the very limited circumstances set forth in Colo. Sess. Laws 1975, ch. 154, § 13–22–214 at 576. No such circumstances are alleged here. Therefore, the court erred in disregarding the arbitrator's decisions.

■ The district court also erred in ruling that the thirty-day limit on issuing an award was jurisdictional, and that any award issued after that time would be void.

The court relied, as defendants do on appeal, on the decision in *Ash Apartments, supra*. There, the parties agreed to arbitrate any disputes pursuant to the construction industry arbitration rules of the AAA. One of those rules, as here, provided that "unless otherwise agreed by the parties or provided by law, arbitrators have thirty days from the close of the hearing to. make an award." *Ash Apartments, supra*, 656 P.2d at 709. The arbitrators in *Ash Apartments*, however, entered their award after the thirty-day period had expired. The trial court affirmed the award entered by the arbitrators.

On appeal, a division of this court noted that because the arbitration agreement at issue preceded the enactment of the Uniform Arbitration Act in 1975, the common law governed the interpretation of the agreement. Under the common law, an award not rendered within a party-established time limitation was considered void. However, an exception provided that the failure to object based on lateness prior to the issuance of the award constituted a waiver of any objection. Consequently, because the plaintiffs in *Ash Apartments* chose to wait until after they had been notified of the award before objecting, the court concluded that they had waived their right to challenge the timeliness of the award.

■ As noted in *Ash Apartments*, the General Assembly enacted the Uniform Arbitration Act in 1975. The purpose of the Act was to provide a uniform statutory framework for arbitration and to encourage settlement of disputes through the arbitration pro-

cess. *Lane v. Urgitus*, 145 P.3d 672, 678 (Colo.2006); *Farmers Ins. Exch. v. Taylor*, 45 P.3d 759, 761 (Colo.App.2001). Because arbitration is a favored means of dispute resolution, any doubts about the scope of an arbitration clause should be resolved in favor of arbitration. *Lane, supra*, 145 P.3d at 678, 680; *Gergel, supra*, 996 P.2d at 235. Consequently, a division of this court has stated that "[o]nce a controversy is so submitted, it remains before the arbitrator until an award is rendered unless the parties mutually agree to withdraw it." *Cabus v. Dairyland Ins. Co.*, 656 P.2d 54, 56 (Colo.App.1982) (noting that an issue voluntarily submitted or submitted by an agreement expanding the original scope of the arbitrator's jurisdiction does not alter the fact that, once agreed upon, it becomes part of a binding contract to arbitrate); *see also In re Marriage of Gavend*, 781 P.2d 161, 162 (Colo.App.1989) (noting that husband's unilateral attempt to terminate arbitrator's services for failure to render a written decision within thirty days was without legal effect).

Other jurisdictions have ruled on whether the arbitrator's failure to issue an award within a prescribed period requires vacating the arbitration award. *See* Allan E. Korpela, Annotation, *Construction and Effect of Contractual or Statutory Provisions Fixing Time Within Which Arbitration Award Must be Made*, 56 A.L.R.3d 815 (1974). Many courts construing the Uniform Arbitration Act have held that statutory and contractual time requirements for the issuance of an award are directory, not mandatory and jurisdictional. *See, e.g., Allstate Ins. Co. v. Fisher*, 212 Ill.App.3d 712, 715–17, 156 Ill.Dec. 812, 571 N.E.2d 792, 794–95 (1991); *Roseville Community School Dist. v. Roseville Federation of Teachers*, 137 Mich.App. 118, 126, 357 N.W.2d 829, 833 (1984); *Martich v. City of Cleveland*, 76 Ohio App.3d 802, 804–05, 603 N.E.2d 381, 382–83 (1992). Thus, several courts have required that the parties include a "time is of the essence" clause in the arbitration agreement in order for any award issued after the expiration of the time period to be void. 3 Thomas H. Oehmke, *Commercial Arbitration* § 118:5 (3d ed.2003).

In addition, consistent with the holding in *Ash Apartments, supra*, numerous courts have held that the failure to object to the delay prior to the issuance of an award constitutes a waiver of any objection. *See Martich, supra*, 76 Ohio App.3d at 804–05, 603 N.E.2d at 382–83 (listing cases); *Utility Trailer Sales, Inc. v. Fake*, 740 P.2d 1327 (Utah 1987); *Korpela, supra*, 56 A.L.R.3d 815 § 2(a); 3 Oehmke, *supra*, § 118:7. Nevertheless, several other courts have held that even if a timely objection to the timing of an arbitration award has been made, the award will not be vacated unless the complaining party also establishes prejudice as a result of the delay in issuing the award. *See, e.g., Allstate Ins. Co., supra*, 212 Ill.App.3d at 715–17, 156 Ill.Dec. 812, 571 N.E.2d at 794–95. *See generally* 3 Oehmke, *supra*, § 118:5 (noting that "the emerging federal rule is that, to vacate an untimely award, there must be a seasonable objection before the award is due, often a protest after the due date has passed, and a demonstration by the objecting party of material prejudice due to that delay").

Colorado law favors the resolution of disputes by arbitration. *Lane, supra*, 145 P.3d at 678, 680. This purpose would be frustrated by a rigid rule that an arbitration award must be vacated if the arbitrator did not issue a final award within the period set forth in the arbitration agreement or the statute. Therefore, we conclude that contractual and statutory time requirements for issuance of an award are directory, not mandatory or jurisdictional. In the absence of language in an arbitration agreement that time is of the essence or that any arbitration award issued after the expiration of the period specified in the agreement is void, the party seeking to preclude an award issued after the time prescribed by the agreement must show both that it made a timely objection to issuing an award after the time limitation in the agreement and that it has been prejudiced by the delay.

In this case, we need not decide whether defendants made a timely objection because it is clear from the record that they did not suffer prejudice.

To establish prejudice, a party must show more than the mere fact that a damages award may be entered against it. As noted in *Green v. Ameritech Corp.*, 12 F.Supp.2d 662, 665 (E.D.Mich.1998), *rev'd on other grounds*, 200 F.3d 967 (6th Cir.2000), prejudice resulting from "losing the case later, rather than sooner, does not justify the setting aside of an arbitration award."

The arbitrator in this dispute had already found defendants liable on the age discrimination claim and determined that she would benefit from the presentation of additional information on damages. As the arbitrator noted, she would already be holding a hearing to determine the amount of attorney fees and costs to be awarded. On that issue, she had specifically found that both she and the parties had agreed to a post-hearing presentation and resolution. Thus, consideration of additional evidence concerning the issue of damages on the age discrimination claim would not have significantly delayed final resolution of the controversy, which had been ongoing for over sixteen months. Moreover, to the extent defendant Clear Channel claims that it was prejudiced because it was unable to include the amount of damages for the age discrimination claim in a budget request because of the arbitrator's failure to rule in a timely manner (a claim stated in conclusory fashion, without evidentiary support), we note that it could have simply estimated its damages on that claim and included that amount in its budget request. The mere fact that the amount of damages was not precisely known does not establish the type of prejudice that would justify vacating the interim award and precluding an additional hearing on damages. *See Green, supra*, 12 F.Supp.2d at 665.

Therefore, because defendants have failed to show prejudice or actual harm as a result of the delay in issuing the final award, we conclude that the district court erred in staying the arbitration proceedings. We also conclude that the district court erred in determining that the initial arbitration award was void because a final award resolving all the claims had not been issued within the period prescribed by the Arbitration Agreement. Consequently, we further conclude that the court erred in determining that plaintiff was not entitled to a hearing on the issue of attorney fees and costs on the basis that the award was void.

In light of our resolution of the primary issues raised on appeal, we need not address plaintiff's remaining contentions.

The district court's order is reversed, and the case is remanded to the district court with directions to reinstate the interim award, to vacate the stay of arbitration, and to remand the case to the arbitrator for additional proceedings to determine and award plaintiff damages on his age discrimination claim and to determine and award plaintiff his attorney fees and costs.

Judge WEBB and Judge CARPARELLI concur.