Melody A. **FRANK**, Plaintiff,

v.

**AMERICAN GENERAL FINANCE, INC., et al., Defendants.**

Civil Action No. 98–0489–BH–S.

United States District Court,
S.D. Alabama,
Northern Division.

Sept. 24, 1998.

Garve Ivey, Jr., David M. Harrison, King, Ivey & Warren, Jasper, AL, Barry A. Ragsdale, David Campbell, King, Ivey & Warren, Birmingham, AL, for Melody A. Frank, plaintiff.

Richard C. Keller, Robert H. Rutherford, Jr., Burr & Forman, Birmingham, AL, for Merit Life Insurance, Rebecca Montgomery, American General Finance, defendants.

Michael L. Bell, Anne Sikes Hornsby, Lightfoot, Franklin & White, L.L.C., Birmingham, AL, for American Bankers Insurance Company of Florida, defendant.

## ORDER

HAND, Senior District Judge.

This action is before the Court on plaintiff's motion to remand (Doc. 4), as amended (Doc. 9). The removing defendant, American Bankers Insurance Company of Florida (American Bankers), argues that diversity jurisdiction exists because defendants American General Finance, Inc. (American General) and Rebecca Montgomery (Montgomery), non-diverse parties, are fraudulently joined. According to American Bankers, plaintiff's arbitration agreement with American General completely precludes any possibility that plaintiff can state a viable claim against these defendants. The Court disagrees with American Bankers' interpretation of the significance of the arbitration agreement at issue in this case.

As the Eleventh Circuit Court of Appeals emphasized in *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1356 (11th Cir.1996), "[a] removing defendant has the

burden of proving the existence of federal jurisdiction." It is also well established that the Federal Arbitration Act (FAA), 9 U.S.C. §§ 2 et seq., "does not confer subject matter jurisdiction on federal courts [but][i]nstead, federal courts must have an independent jurisdictional basis to entertain cases arising under the FAA." *Baltin v. Alaron Trading Corp.*, 128 F.3d 1466, 1469 (11th Cir.1997). *See also, Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9, 104 S.Ct. 852, 861 n. 9, 79 L.Ed.2d 1 (1984) (The FAA "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise.").[1] There must, therefore, "be diversity of citizenship or some other independent basis for federal jurisdiction before [an] order [compelling arbitration] can issue." *Baltin*, 128 F.3d at 1469. It is therefore understandable in the case at bar that American Bankers seeks to assert that American General and Montgomery, the non-diverse parties, are fraudulently joined.

. In order to establish fraudulent joinder, however, American Bankers must establish either that: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant[s] [American General and Montgomery]; or (2) the plaintiff has fraudulently pled facts to bring [American General and Montgomery] into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir.1997). A third situation constituting fraudulent joinder is "where a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1998 WL 633673 (11th Cir.1998), citing, *Tapscott*, 77 F.3d at 1360. With respect to the first alternative, the Eleventh Circuit has made abundantly clear that, "[w]hen considering a motion for remand, federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law" [and,] "[i]f there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that joinder was proper and remand the case to state court." *Crowe*, 113 F.3d at 1538 (citations omitted). American Bankers does not contend either that any facts have been fraudulently pled in this case or that a viable cause of action has not been asserted by the plaintiff against American General and Montgomery arising out of their financial transaction. Nor does American Bankers assert that the claims against American General and Montgomery have no connection to those asserted against the remaining defendants. Instead, American Bankers argues that fraudulent joinder should extend to situations in which a valid cause of action may exist against the resident defendant but plaintiff is precluded by the arbitration clause from bringing the action in a judicial forum. In such situations, according to American Bankers, the citizenship of the resident defendant should simply

---

1. *Compare,* Justice Thomas's dissenting opinion in *Allied–Bruce Terminix Companies v. Dobson*, 513 U.S. 265, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995), in which he concluded not only that "[a]rbitration is a form of procedure whereby difference may be settled ... not a definition of the rights and wrongs out of which differences grow" (513 U.S. at 286–87, 115 S.Ct. at 846) but that:

 [I]f § 2 [of the FAA] really was understood to "creat[e] federal substantive law requiring the parties to honor arbitration agreements," *Southland*, 465 U.S., at 15, n. 9, 104 S.Ct., at 860, n. 9, then breach of an arbitration agreement covered by § 2 would give rise to a federal question within the subject-matter jurisdiction of the federal district courts. *See* 28 U.S.C. § 1331. Yet the ensuing provisions of the Act, without expressly taking away this jurisdiction, clearly rest on the assumption that federal courts have jurisdiction to enforce arbitration agreements only when they would have had jurisdiction over the underlying dispute. *See* 9 U.S.C. §§ 3, 4, 8. In other words, the FAA treats arbitration simply as one means of resolving disputes that lie within the jurisdiction of the federal courts; it makes clear that a breach of a covered arbitration agreement does not itself provide an independent basis for such jurisdiction. Even the *Southland* majority was forced to acknowledge this point, conceding that § 2 "does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise." 465 U.S. at 15, n. 9, 104 S.Ct. at 860, n. 9. But the reason that § 2 does not give rise to federal-question jurisdiction is that it was enacted as a purely procedural provision.

 (513 U.S. at 291, 115 S.Ct. at 848).

be disregarded. For a number of reasons, this argument is untenable.

First, the mere existence of an arbitration agreement does not divest a court, state or federal, of jurisdiction. Although the United States Supreme Court has maintained its view that the FAA "creates a body of federal substantive law [which] "foreclose[s] state legislative attempts to undercut enforceability of arbitration agreements" (*Southland Corp.*, 465 U.S. at 12 and 16, 104 S.Ct. at 859 and 861), it has never held that the FAA abrogates a state court's jurisdiction over an action which is governed by an arbitration agreement. In point of fact, the Supreme Court has held that "the FAA's 'substantive' provisions— §§ 1 and 2—are applicable in state as well as federal court." *Volt Information Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior University*, 489 U.S. 468, 477 n. 6, 109 S.Ct. 1248, 1254 n. 6, 103 L.Ed.2d 488 (1989), *citing, Southland Corp.*, 465 U.S. at 12, 104 S.Ct. at 859. According to the Supreme Court, "[t]he FAA contains no express pre-emptive provision, nor does it reflect a congressional intent to occupy the entire field of arbitration." *Volt*, 489 U.S. at 477, 109 S.Ct. at 1255. The Supreme Court has also recognized that:

> [Section] 2 [of the FAA[2]] gives States a method for protecting consumers against unfair pressure to agree to a contract with an unwanted arbitration provision. States may regulate contracts, including arbitration clauses, under general contract law principles and they may invalidate an arbitration clause "upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (emphasis added). What States may not do is decide that a contract is fair enough to enforce all its basic terms (price, service, credit), but not fair enough to enforce the arbitration clause.

*Allied–Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 281, 115 S.Ct. 834, 843, 130 L.Ed.2d 753 (1995). *See also, Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 628, 105 S.Ct. 3346, 3354,

87 L.Ed.2d 444(1985)("By agreeing to arbitrate a statutory claim [i.e., a Sherman antitrust claim], a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum."); *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1061 (11th Cir.1998)(Cox, J., concurring)("The FAA puts arbitration clauses on even footing with all other clauses in a contract [and][t]hey are therefore interpreted according to ordinary state-law rules of contract construction."); *Ortho Pharmaceutical Corp. v. Amgen, Inc.*, 882 F.2d 806, 811 (3rd Cir.1989)(The FAA "does not deprive the district court of the authority to grant interim relief in an arbitrable dispute."); *Action Air Freight, Inc. v. Pilot Air Freight Corp.*, 769 F.Supp. 899, 900 (E.D.Pa. 1991)("The existence of an arbitration agreement does not divest the court of its subject matter jurisdiction.").

Second, the existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement. *See e.g., Volt, supra,* 489 U.S. at 478, 109 S.Ct. at 1255 ("the FAA does not require parties to arbitrate when they have not agreed to do so ... nor does it prevent parties who do agree to arbitrate from excluding certain claims from the scope of their arbitration agreement.") *citing, Dean Witter Reynolds v. Byrd,* 470 U.S. 213, 219, 105 S.Ct. 1238, 1241, 84 L.Ed.2d 158 (1985).

Third, "[C]ourts, not arbitrators, ordinarily will decide whether or not a particular dispute is arbitrable." *Scott v. Prudential Securities, Inc.,* 141 F.3d 1007, 1011 (11th Cir.1998), *citing, AT & T Tech., Inc. v. Communications Workers,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986). *See also, First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 944, 115 S.Ct. 1920, 1924, 131 L.Ed.2d 985 (1995)("Courts should not assume that the parties agreed to arbitrate

---

**2.** Section 2 of the FAA provides, in pertinent part, that a "written provision in ... a contract evidencing a transaction involving interstate commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.

arbitrability unless there is 'clea[r] and unmistakabl[e]' evidence that they did so."). If the Court has the responsibility to determine the issue of arbitrability of a plaintiff's claims against a defendant, that defendant cannot be said to have been fraudulently joined.

■ Fourth, even if it were established that the arbitration agreement at issue is otherwise valid and enforceable and that the parties have clearly and unmistakably agreed to submit the arbitrability question itself to arbitration, the right to arbitrate is a waivable right which the defendant may waive intentionally or even negligently by failing to assert it timely or some other "default in proceeding with such arbitration." 9 U.S.C. § 3; *Morewitz v. West of England Ship Owners Mutual Protection and Indemnity Ass'n.*, 62 F.3d 1356, 1365 (11th Cir.1995), *cert. denied,* 516 U.S. 1114, 116 S.Ct. 915, 133 L.Ed.2d 845 (1996) ("Arbitration should not be compelled when the party who seeks to compel arbitration has waived that right."); 9 U.S.C. § 2 (A written arbitration agreement is "valid, irrevocable, and enforceable, save upon such other grounds as exist at law or in equity for the revocation of any contract."). *See also, Dean Witter Reynolds, Inc. v. Fleury,* 138 F.3d 1339, 1342 (11th Cir.1998)(discussing whether one of the parties had "abandoned" the arbitration agreement); *American Recovery Corp. v. Computerized Thermal Imaging, Inc.,* 96 F.3d 88, 95 (4th Cir.1996)(Although recognizing that "[a] litigant may waive its right to [arbitration] by so substantially utilizing the litigation machinery that to subsequently permit arbitration would prejudice the party opposing the stay," concluded that no such waiver had occurred.); *Cotton v. Slone,* 4 F.3d 176, 179 (2nd Cir.1993)("Sufficient prejudice to infer waiver [of the right to arbitrate] has been found when a party seeking to compel arbitration engages in discovery procedures not available in arbitration ... makes motions

going to the merits of an adversary's claims ... or delays invoking arbitration rights while the adversary incurs unnecessary delay or expense.").

■ Fifth, even an order compelling arbitration does not under the FAA divest the court, state or federal, of jurisdiction. Section 3 of the FAA provides:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, *the court* in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall* on application of one of the parties *stay the trial* of the action *until such arbitration has been had* in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added). Assuming American Bankers is correct when it asserts that a valid arbitration agreement exists between plaintiff and, *inter alia,* American General and/or Montgomery, resident defendants and that the parties have agreed to submit the issue of arbitrability to the arbitrator, the court having jurisdiction over the litigation is only expressly authorized to *stay* the action pending such arbitration.[3] This Court is certainly not prepared to ignore the clearly expressed Congressional directive in 9 U.S.C. § 3 that an action subject to a valid and enforceable arbitration agreement must only be *stayed* rather than dismissed. Consequently, again it must be said that the existence of the arbitration agreement does not divest the court, either state or federal, of subject matter jurisdiction and that the joinder of a resident defendant is therefore not fraudulent merely because only arbitra-

---

**3.** Although some non-binding cases have held that a court may, in some circumstances, dismiss a case rather than order a stay pending arbitration, the justification for ignoring the plain language of 9 U.S.C. § 3 is not clear. *Cf.,* 9 U.S.C. § 3 and *Alford v. Dean Witter Reynolds, Inc.,* 975 F.2d 1161, 1164 (5th Cir.1992); *Sparling v. Hoffman Construction Co.,* 864 F.2d 635, 638 (9th Cir.1988); *Sea–Land Service, Inc. v. Sea–Land of Puerto Rico, Inc.,* 636 F.Supp. 750, 757–58

(D.Puerto Rico 1986); *Hurst v. Tony Moore Imports, Inc.,* 699 So.2d 1249, 1258–59 (Ala.1997). The Court also notes that, if plaintiff's claims against American General and Montgomery were dismissed with prejudice as was done by the *Alford* court and the arbitrator subsequently decided that one or more of plaintiff's claims against American General and/or Montgomery were not arbitrable, plaintiff would effectively be deprived of legal recourse, a most unjust result.

ble claims have been asserted against that defendant.

For the above stated reasons, this Court concludes that neither American General nor Montgomery, resident defendants, were fraudulently joined merely because the plaintiff may have a binding arbitration agreement with one or both of these defendants. The citizenship of American General and Montgomery cannot, therefore, be simply ignored in order to find the requisite diversity jurisdiction to support defendants' removal of this action from the state court.[4] It is therefore **ORDERED** that plaintiff's motion to remand (Doc. 4), as amended (Doc. 9) be and is hereby **GRANTED** and that the Clerk of this Court take such steps as are necessary to remand this action to the Circuit Court of Hale County, Alabama, from whence it was removed.

---

4. The Court is aware that another judge of this Court has reached a contrary opinion in two similar case. *See, Perry v. Norwest Financial Alabama, Inc.,* Civil Action No. 98–0260–CB (S.D.Ala. September 2, 1998), and *Burroughs v. Commercial Credit Corp.,* Civil Action No. 97–

1163–CB–M (S.D.Ala. May 19, 1998). The Court notes that none of the issues discussed herein were mentioned in either *Perry* or *Burroughs*. In any event, the undersigned believes that the conclusion reached in this order is the correct one under the law.