**Linda CURE, Individually and as Personal Representative of all Wrongful Death Beneficiaries and General Heirs at Law of Decedent, Ronald L. Cure Plaintiffs**

v.

**TOYOTA MOTOR CORPORATION, INC., a Foreign Corporation, Toyota Motor Sales, U.S.A., Inc., a California Corporation, and Hallmark Toyota BMW, Inc., a Mississippi Corporation Defendants**

No. CIV.A. 3:02CV1755BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 7, 2003.

James W. Kitchens, Margaret Parish Ellis, Jeffrey L. Ellis, Kitchens & Ellis, Jackson, ME, for Lynda Cure, individually and as personal representative of all wrongful death beneficiaries and general heirs at law of decedent, Roland L. Cure, plaintiff.

David L. Ayers, Jennifer Ann Rogers, Watkins & Eager, Jackson, MS, for Toyota Motor Corporation, Toyota Motor Sales, U.S.A., Inc.

Robert W. King, King & Spencer, Jackson, MS, for Hallmark Toyota BMW, Inc., defendants.

### OPINION AND ORDER

BARBOUR, District Judge.

This cause is before the Court on the Motion to Remand of Plaintiffs. Having considered the Motion, Response, Rebuttal and attachments to each, as well as supporting and opposing authority, the Court finds that the Motion is well taken and should be granted.

### I. Background and Procedural History [1]

This cause of action arises out of the death of Ronald L. Cure (hereinafter R. Cure) resulting from a car accident on May 22, 2002. At the time of his death, R. Cure was driving a 1995 Toyota 4–Runner. Alleging wrongful death under numerous products liability claims, Linda Cure (here-

---

1. The facts stated in this section of the Opinion and Order were generated from numerous pleadings submitted by the parties. By including the facts herewith, the Court is not attesting to their accuracy or their truth.

inafter "L. Cure") filed suit against Defendant Toyota Motor Corporation, Inc. (hereinafter "Toyota Corp.") and Defendant Toyota Motor Sales, U.S.A., Inc. (hereinafter "Toyota Sales") and Hallmark Toyota BMW, Inc. (hereinafter "Hallmark"). Toyota Corp. and Toyota Sales were the respective manufacturer and distributor or the 4–Runner, and Hallmark was the end seller of the 4–Runner. L. Cure filed suit in the Circuit Court of the First Judicial District of Hinds County, Mississippi on October 22, 2002. Defendants Toyota Corp. and Toyota Sales removed the case to this Court on December 5, 2002. Defendant Hallmark did not join in the Notice of Removal. Plaintiffs filed the subject Motion to Remand on January 3, 2003. The Motion to Remand is now ripe for consideration by the Court.

## II. Analysis

■ Toyota Corp. and Toyota Sales removed the case *sub judice* to this Court based on diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a)(1) states "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between(1) citizens of different states...." All parties agree that the amount in controversy requirement is met. However, Plaintiffs contend that this Court lacks jurisdiction because the diversity of citizenship prong of § 1332 is not met.

As the parties appear on the face of the Complaint, complete diversity of citizenship is lacking. Both Defendant Hallmark and the Plaintiffs are residents of Mississippi. Defendants argue that Hallmark was fraudulently joined, thus its citizenship should not be considered in the diversity of citizenship equation. Defendants base their argument on the undisputed fact that the deceased, R. Cure, and his wife L. Cure, a Plaintiff herewith, signed a binding Arbitration agreement with Hallmark when they purchased the 4–Runner. The Arbitration Agreement requires that the parties to the agreement submit any and all claims arising out of the sale of the 4–Runner to binding arbitration. As such, Defendants finally contend that because Plaintiffs' claims against Hallmark are subject to arbitration, they have no possibility of recovery from Hallmark on their state court Complaint. The Court disagrees.

■ A detailed search for case law on the subject issue revealed one persuasive case that is directly on point. *See, Frank v. Am. Gen. Fin., Inc.*, 23 F.Supp.2d 1346 (S.D.Ala.1998). The *Frank* court held:

American Bankers [the defendant] argues that fraudulent joinder should extend to situations in which a valid cause of action may exist against the resident defendant but plaintiff is precluded by the arbitration clause from bringing the action in a judicial forum. In such situations, according to American Bankers, the citizenship of the resident defendant should simply be disregarded. For a number of reasons, this argument is untenable.

First, the mere existence of an arbitration agreement does not divest a court, state or federal, of jurisdiction. Although the United States Supreme Court has maintained its view that the FAA "creates a body of federal substantive law" [which] "foreclose[s] state legislative attempts to undercut enforceability of arbitration agreements" (*Southland Corp.*, 465 U.S. at 12 and 16, 104 S.Ct. at 859 and 861), it has never held that the FAA abrogates a state court's jurisdiction over an action which is governed by an arbitration agreement.

\*     \*     \*     \*     \*     \*

■ Second, the existence of an arbitration agreement between a plaintiff and a defendant does not necessarily mean that all of the plaintiff's claims against that defendant are arbitrable under the agreement. [citations omitted].

\* \* \* \* \* \*

■ Third, "[C]ourts, not arbitrators, ordinarily will decide whether or not a particular dispute is arbitrable." *Scott v. Prudential Securities, Inc.*, 141 F.3d 1007, 1011 (11th Cir.1998)[.] [citations omitted].

\* \* \* \* \* \*

If the Court has the responsibility to determine the issue of arbitrability of a plaintiff's claims against a defendant, that defendant cannot be said to have been fraudulently joined.

\* \* \* \* \* \*

Fourth, even if it were established that the arbitration agreement at issue is otherwise valid and enforceable and that the parties have clearly and unmistakably agreed to submit the arbitrability question itself to arbitration, the right to arbitrate is a waivable right which the defendant may waive intentionally or even negligently by failing to assert it timely or some other "default in proceeding with such arbitration." 9 U.S.C. § 3[.] [other citations omitted].

\* \* \* \* \* \*

■ Fifth, even an order compelling arbitration does not under the FAA divest the court, state or federal, of jurisdiction.

*Id.* at 1348–50. Finding that the in-state defendant was not fraudulently joined, the *Franks* court remanded the case to state court.

This Court is persuaded by the analysis and conclusions set forth in *Frank.* The facts of the subject case, at least with regard to the issue of fraudulent joinder, are comparable to the facts in *Franks*.

The Court therefore finds that Plaintiffs' Motion to Remand is well taken and should be granted.

### III. Conclusion

In accordance with the rulings set forth above, the Court finds that Plaintiffs' Motion to Remand is well taken and should be granted.

IT IS THEREFORE ORDERED that the Motion of Plaintiffs to Remand [7–1] is hereby granted. The Clerk of the Court is ordered to remand this case to the Circuit Court for the First Judicial District of Hinds County, Mississippi.