**Lisa GALBRAITH, Plaintiff–Appellant,**

v.

**Bruce CLARK and Jim Campbell, Defendants–Appellees.**

**No. 04CA1317.**

Colorado Court of Appeals,
Div. IV.

Sept. 8, 2005.

Koncilja & Koncilja, P.C., Lawrence D. Saunders, Pueblo, Colorado, for Plaintiff–Appellant.

Holme Roberts & Owen LLP, K. Preston Oade, Ashley W. Jordaan, Denver, Colorado, for Defendants–Appellees.

RUSSEL, J.

Plaintiff, Lisa Galbraith, appeals the district court's judgment compelling arbitration and dismissing her action against defendants, Bruce Clark and Jim Campbell. We affirm.

Galbraith and defendants were employees of Dillard's, Inc. Defendants were managers at the department store where Galbraith worked. In 2001, Galbraith signed an agreement that required her to arbitrate any dispute that might arise at work. The agreement had these pertinent features:

- It covered many types of disputes, including harassment, sex discrimination, and wrongful termination. It also covered "[a]ny common law claim, including but not limited to defamation, tortious interference, [and] intentional infliction of emotional distress."
- It broadly defined "Dillard's" to include "fellow associates, managers, supervisors, and all agents in their personal or official capacities."
- It provided: "Any dispute concerning this Agreement—the way it was formed, its applicability, meaning, enforceability, or any claim that all or part of this Agreement is void or voidable—is subject to arbitration under this Agreement."

In 2004, Galbraith sued defendants in district court, requesting damages for intentional interference with a contractual relationship, civil conspiracy, and outrageous conduct. She alleged that defendants had engaged in harassment and had fired her to retaliate for her filing a gender discrimination suit. She also alleged that defendants had conducted her termination in a humiliating manner.

Defendants moved to compel arbitration and dismiss the case. Galbraith resisted, arguing that (1) the arbitration agreement did not apply to a suit against defendants in their individual capacities, and (2) defendants were estopped from enforcing the agreement.

The court ordered the parties to arbitrate and dismissed the case.

## I. Jurisdiction

We first consider whether we have jurisdiction to hear this appeal. We conclude that we do.

■ It is undisputed that this arbitration is governed by the Federal Arbitration Act (FAA), 9 U.S.C. § 1, et seq. Under the FAA, an order compelling arbitration and dismissing the case is a final appealable order. *Green Tree Fin. Corp.-Ala. v. Randolph,* 531 U.S. 79, 89, 121 S.Ct. 513, 521, 148 L.Ed.2d 373 (2000). In contrast, a party may not appeal from an order that compels arbitration and stays the proceedings. *Green Tree Fin., supra,* 531 U.S. at 87 n. 2, 121 S.Ct. at 520; *Fonden v. U.S. Home Corp.,* 85 P.3d 600 (Colo.App.2003).

Because the district court dismissed the action, instead of ordering a stay, we have jurisdiction to review Galbraith's claims.

## II. Merits

Galbraith contends that the district court erred in compelling arbitration. We consider and reject her arguments as follows.

### A. Estoppel Argument

Galbraith filed an affidavit in the district court, asserting these facts: (1) before signing the arbitration agreement, Galbraith was told that the agreement would be limited to claims in which Dillard's, Inc. could be held liable; (2) Galbraith was told this by agents of Dillard's, Inc.; and (3) had she known that the agreement would be interpreted to cover other disputes, she would not have signed. On the basis of these facts, Galbraith argued that defendants were estopped from enforcing the arbitration agreement.

Galbraith now contends that the district court erred in failing to address this argument before ordering the case to proceed to arbitration. We agree that the court did not address the argument, but we find no error.

■ Issues of arbitrability—whether a particular dispute should be arbitrated—are

presumptively submitted to the courts. Absent clear and unmistakable evidence to the contrary, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator. *AT & T Techs., Inc. v. Communications Workers,* 475 U.S. 643, 649, 106 S.Ct. 1415, 1418, 89 L.Ed.2d 648 (1986).

■ But arbitration is ultimately a matter of contract between the parties. If the parties agree, arbitrability may be decided by an arbitrator in the first instance. *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 943–44, 115 S.Ct. 1920, 1923–24, 131 L.Ed.2d 985 (1995).

■ Here, the arbitration contract contains clear and unmistakable evidence that Galbraith and Dillard's agreed to have an arbitrator decide arbitrability. The parties agreed that an arbitrator would decide "[a]ny dispute concerning this Agreement—the way it was formed, its applicability, meaning, enforceability, or any claim that all or part of this Agreement is void or voidable." *See PaineWebber Inc. v. Bybyk,* 81 F.3d 1193, 1199, 1200 (2d Cir.1996) (parties intended to arbitrate issues of arbitrability where the contract provided that an arbitrator would decide "[a]ny and all controversies" concerning "the construction, performance, or breach of this ... agreement"); *accord Smith Barney Shearson Inc. v. Sacharow,* 91 N.Y.2d 39, 46–47, 666 N.Y.S.2d 990, 689 N.E.2d 884, 887–88 (1997); *see also Telectronics Pacing Sys., Inc. v. Guidant Corp.,* 143 F.3d 428, 431 (8th Cir.1998).

We therefore conclude that the district court did not err in failing to address Galbraith's estoppel argument. The enforceability of the agreement is one of the issues that the arbitrator must decide.

### B. Argument Regarding Scope of Provision

In the district court, Galbraith resisted arbitration on the ground that her suit stands outside the scope of the arbitration agreement. She argued that the agreement does not apply when managers are being sued in their individual capacities.

On appeal, Galbraith contends that the district court erred in rejecting this argument.

We agree that the court considered and rejected her argument on the merits. (The court implicitly adopted the reasoning set forth in defendants' motion to compel arbitration.) Again, however, we find no error.

■ In light of our discussion above, we first consider whether the district court should have considered the merits of this issue. Like Galbraith's argument on estoppel, this issue qualifies as a dispute concerning the "applicability, meaning, [or] enforceability" of the arbitration agreement. Thus, it could have been addressed by the arbitrator in the first instance.

Nevertheless, the parties did not ask the district court to refrain from addressing this issue. And they do not argue now that the court should have surrendered the issue to the arbitrator. Galbraith complains only about the merits of the resolution, and defendants do not complain at all. We therefore conclude that the parties have forfeited any right to compel arbitration on this issue of arbitrability. *See MidAmerica Fed. Sav. & Loan Ass'n v. Shearson/Am. Express, Inc.,* 886 F.2d 1249, 1261 (10th Cir.1989) (party waived its right to arbitration under the FAA by pursuing litigation); *Cure v. Toyota Motor Corp.,* 248 F.Supp.2d 594, 597 (S.D.Miss. 2003) (a party may waive its right to arbitrate the issue of arbitrability).

We now turn to the merits of Galbraith's argument. We conclude that Galbraith's lawsuit falls squarely within the scope of the arbitration agreement.

■ The FAA embodies a liberal federal policy favoring arbitration. Therefore, any doubts about the scope of an agreement should be resolved in favor of arbitration. A court must order arbitration if there is a valid agreement and if the subject matter of the dispute is covered by the agreement. *Grohn v. Sisters of Charity Health Servs. Colo.,* 960 P.2d 722, 725 (Colo.App.1998).

■ In determining whether a particular dispute falls within the scope of an agreement, we focus on the underlying factual allegations, rather than the party's characterization of its claim. "If the allegations underlying the claims 'touch matters' covered by the parties' [arbitration agreement], then those claims must be arbitrated, whatever

the legal labels attached to them." *City & County of Denver v. Dist. Court*, 939 P.2d 1353, 1364 (Colo.1997) (quoting *Genesco, Inc. v. T. Kakiuchi & Co.*, 815 F.2d 840, 846 (2d Cir.1987)).

■ As an abstract matter, we agree with Galbraith about the scope of the arbitration agreement. The agreement is intended to cover disputes that arise when an agent is acting on behalf of Dillard's, Inc. Thus, if Galbraith sued defendants for acts that had nothing to do with their employment, defendants could not resist litigation on grounds that they are "managers, supervisors, [or] agents in their personal or official capacities."

But Galbraith's lawsuit is based on events that occurred while defendants were acting as managers of a Dillard's store. Galbraith may not escape the natural reach of the arbitration agreement merely by asserting that defendants were acting solely in their individual capacities. If defendants actually terminated Galbraith's employment, they necessarily were acting as agents of Dillard's, Inc.

We therefore conclude that the district court properly ordered the parties to arbitrate.

The judgment is affirmed.

Judge CASEBOLT and Judge LOEB concur.