TRACFONE WIRELESS, INC., Plaintiff,

v.

BLUE OCEAN'S DISTRIBUTING, LLC, et al., Defendants.

Case No. 09–20386–CIV.

United States District Court, S.D. Florida.

May 13, 2009.

James B. Baldinger, Esq., Carlton Fields, PA, West Palm Beach, FL, Steven J. Brodie, Esq., Maria C. Montenegro, Esq., Carlton Fields, P.A., Miami, FL, for Plaintiff.

Kevin P. Crosby, Daniel Alter, Jeffrey T. Kuntz, GrayRobinson, P.A., Fort Lauderdale, FL, for Defendants.

### ORDER ON DEFENDANTS' MOTION TO DISMISS

URSULA UNGARO, District Judge.

THIS CAUSE came before the Court upon Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed March 23, 2009 (D.E. 18). Plaintiff filed a Response in Opposition on April 27, 2009 (D.E. 26), to which Defendants replied on May 7, 2009 (D.E. 27).

THE COURT has considered the Motion and the pertinent portions of the record and is otherwise fully advised in the premises. By way of background, Plaintiff brought this action seeking damages and injunctive relief against Defendants as a result of Defendants' alleged purchase and

resale of Plaintiffs prepaid wireless handsets in violation of the terms and conditions governing the sale of Plaintiff's products and in violation of federal and state law. (D.E. I.) The terms and conditions found inside the packaging of Plaintiff's phones provides that all disputes and claims must be resolved through arbitration. (*See* Def's Motion at 2.)

Defendants filed the instant Motion to Dismiss arguing that this Court lacks subject matter jurisdiction because the parties are subject to a binding arbitration agreement. Defendants ask the Court to enforce their agreement to arbitrate and dismiss Plaintiff's claims against them. (*See* Motion at 4, 7.) Defendants preserve, however, the right to later challenge the validity of the contract as whole. In response, Plaintiff argues that dismissal of its claims is not appropriate, but, rather, that the proper procedure is for the Court to determine that a valid contract exists between the parties and then to stay the case pending arbitration. Plaintiff also objects to Defendants' reservation of the right to challenge the validity of the contract as a whole at the arbitration proceedings.

■ The Court begins by noting that, notwithstanding the parties agreement to arbitrate, it has subject matter jurisdiction over this matter. While valid arbitration clauses are to be enforced under the Federal Arbitration Act, 9 U.S.C. § 3, they do not oust district courts of their jurisdiction. *See The Anaconda v. Am. Sugar Refining Co.*, 322 U.S. 42, 44, 64 S.Ct. 863, 88 L.Ed.

1117 (1944); *Frank v. Am. Gen. Fin., Inc.*, 23 F.Supp.2d 1346, 1350 (S.D.Ala.1998). The Federal Arbitration Act states,

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, *the court in which such suit is pending,* upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, *shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement,* providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3 (emphasis added).

■ Notwithstanding the express language of the Federal Arbitration Act and Plaintiff's request for a stay, Defendants argue that this case should be dismissed because all of issues in the complaint are subject to the arbitration agreement. Defendants, however, fail to cite any binding authority demonstrating that it is appropriate under the Federal Arbitration Act for a court to dismiss a case in favor of arbitration where a party requests a stay.[1]

■ The Court finds that stay of this case pending arbitration is appropriate under Section 3 of the Federal Arbitration because Plaintiff objected to dismissal and requested a stay. Further, the Court finds that the question of whether

---

1. Defendants cite *Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 121 S.Ct. 513, 148 L.Ed.2d 373 (2000), for the proposition that dismissal of litigation in favor of arbitration is proper. However, *Green Tree* did not reach the question of whether dismissal in lieu of a stay was appropriate under the Federal Arbitration Act. Rather, the Supreme Court stated: "Had the District Court entered a stay instead of a dismissal in this case, that order would not be appealable, 9 U.S.C. 16(b)(1), The

question [of] whether the District Court should have taken that course is not before us, and we do not address it." 531 U.S. 79, 87 n. 2, 121 S.Ct. 513, 148 L.Ed.2d 373. Similarly, the question of whether dismissal was appropriate was not before the Court in *Employers Insurance of Wausau v. Bright Metal Specialties, Inc.*, 251 F.3d 1316 (11th Cir. 2001), and, therefore, this case does not require that the Court dismiss Plaintiffs claims.

a valid agreement exists between the parties is to be decided by an arbitrator. Contrary to Plaintiffs assertion, Defendants' reservation of their rights to challenge the contract as a whole while demanding arbitration under that contract is not inappropriate. Rather, the Supreme Court has stated that, "a challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator." *Buckeye Check Cashing, Inc. v. Cardegna*, 546 U.S. 440, 449, 126 S.Ct. 1204, 163 L.Ed.2d 1038 (2006); *see also Bess v. Check Express*, 294 F.3d 1298, 1305–06 (11th Cir. 2002) (stating that where a party assents to an agreement to arbitrate, then any dispute—including one about the validity of the underlying transaction—is for the arbitrator and not the court). As the parties do not dispute whether an enforceable arbitration agreement is in place and whether their dispute falls within its scope, the Court finds that they are required to submit to arbitration where an arbitrator shall decide the validity of the contract as a whole. *See Buckeye*, 546 U.S, at 449, 126 S.Ct. 1204; *see also Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir.1992) ("Upon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration." (citing 9 U.S.C, § 3.)),

Accordingly, it is hereby

ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss is DENIED IN PART AND GRANTED IN PART. This case is not dismissed, but the parties shall submit to arbitration. It is further

ORDERED AND ADJUDGED that this case is STAYED pending arbitration. It is further

ORDERED AND ADJUDGED that the parties SHALL file a notice with this Court no later than July 31,2009, indicating the status of the arbitration and the need, if any, for this Court to retain jurisdiction over this matter. Failure to respond within the allotted time shall result in dismissal of this action without further notice. If the arbitration proceeding disposes of the matter, the parties shall immediately inform the Court and, thereafter, submit appropriate stipulations of dismissal. It is further

ORDERED AND ADJUDGED that the Initial Planning and Scheduling Conference scheduled for May 22, 2009 is CANCELLED.