Order, Supreme Court, New York County (Paul Wooten, J.), entered August 15, 2012, which granted defendant’s motion for summary judgment dismissing the complaint, unanimously reversed, on the law, and the motion denied, without costs.
Plaintiff’s affidavit stating that the decedent tripped over a gas cap protruding from the sidewalk did not directly contradict his earlier deposition testimony. Plaintiff was asked whether he spoke to his mother during the time she was lying on the ground, to which he answered yes, and whether she told him what she tripped over, to which he answered, “No, we didn’t know.” The question appears to have been limited to the time the decedent was lying on the ground, and was not followed by further inquiry as to the possible cause of her fall or whether plaintiff inspected the area. Thus, we do not read plaintiffs answer as a statement that he never discovered the reason for his mother’s fall (compare Addo v Melnick, 61 AD3d 453 [1st Dept 2009] [plaintiffs affidavit claiming Bronx residence in opposition to change-of-venue motion contradicted her testimony that she moved from the Bronx to New Jersey before commencing the action]; Williams v Baldor Specialty Foods, Inc., 70 AD3d 522 [1st Dept 2010] [plaintiffs affidavit stating that he was unable to work for four months contradicted his bill of particulars and testimony asserting loss of work for two months]).
Defendant’s argument that she had no duty to maintain the *434 gas valve or cap is improperly raised for the first time on appeal since the issue is not a purely legal issue apparent on the face of the record but requires for resolution facts not brought to plaintiffs attention on the motion (see Tortorello v Carlin, 260 AD2d 201, 205-206 [1st Dept 1999]; Chateau D’ If Corp. v City of New York, 219 AD2d 205, 209 [1st Dept 1996], lv denied 88 NY2d 811 [1996]). Concur — Andrias, J.E, Friedman, Acosta, Freedman and Clark, JJ. [Prior Case History: 2012 NY Slip Op 32144(U).]