■ Val Karan et al., Appellants, v The First Paradise Theaters Corp. et al., Defendants, and Riverdale Jewish Center, Respondent. [987 NYS2d 336]—

Order, Supreme Court, Bronx County (Norma Ruiz, J.), entered April 22, 2013, which, to the extent appealed from, granted defendant Riverdale Jewish Center's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendant Riverdale made a prima facie showing of its entitlement to judgment as a matter of law by submitting evidence that it had no duty to maintain the subject theater or the stairs upon which plaintiff Val Karan allegedly tripped (see Gibbs v Port Auth. of N.Y., 17 AD3d 252, 254 [1st Dept 2005]), and that it did not cause, create or have notice of the alleged hazardous condition—namely, a wire over the stairs (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]; Perez v Bronx Park S. Assoc., 285 AD2d 402, 403 [1st Dept 2001], lv denied 97 NY2d 610 [2002]). Indeed, the evidence shows that defendant The First Paradise Theaters Corp. owned the theater, that First Paradise leased the theater to defendant Paradise Theater Productions, Inc. (PTP), and that PTP assigned the lease to defendant Mossberg Credit Services, Inc. Further, Riverdale submitted, among other things, an agreement between it and defendant Mossberg Credit Adjusters, Inc. showing that Riverdale was permitted to use the theater for only 24 hours and that Mossberg Credit Adjusters was responsible for the lighting and agreed to construct the temporary platform that led to the subject stairs. Riverdale also submitted deposition testimony showing that Mossberg built the temporary stairs and that Riverdale was unaware of any complaints about the facility, stairs, stage or wiring prior to plaintiff's accident.

In opposition, plaintiffs failed to raise a triable issue of fact. Plaintiffs improperly argue for the first time on appeal that Riverdale occupied, controlled or made special use of the premises (see Botfeld v Wong, 104 AD3d 433, 433-434 [1st Dept 2013]). In any event, the argument is unavailing.

We have considered plaintiffs' remaining arguments and find them unavailing. Concur—Tom, J.P., Renwick, Andrias, Freedman and Clark, JJ.