Order, Supreme Court, New York County (Joan B. Lobis, J.), entered August 8, 2013, which, to the extent appealable, denied respondents’ motion for renewal of the petition for an order directing the sale of their home to satisfy two unrelated judgments held by petitioners, for vacatur of the Zimmerman judgment, and for attorneys’ fees, unanimously modified, on the facts and in the interest of justice, to grant the motion for renewal, and, upon renewal, deny the petition, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered June 7, 2013, unanimously dismissed, without costs, as superseded by the August 8, 2013 order.
Respondents, husband and wife, live in a property they own that is represented to be worth more than $1 million. Fetitioner Solomon Holding Corp. is the assignee of a default judgment in the amount of $41,820.21 obtained against respondent Humphrey Stephenson in Fennsylvania and entered in New York State in 2001. Fetitioner Zimmerman obtained an order setting the amount of his fees in a matrimonial action in which he represented respondent Davis-Stephenson that was subsequently converted to a judgment in the amount of $54,835.71. An earlier proceeding brought by Zimmerman to enforce the judgment through the sale of respondents’ property was denied on the ground that less drastic enforcement measures are available, pursuant to CFLR 5240, in light of the fact that the property is the residence of both respondents, who hold it as tenants by the entirety, and an order of protection was issued in favor of respondents. Zimmerman and Solomon then commenced the instant proceeding for an order directing the sale of the property to satisfy both judgments.
*614 In their motion to renew, respondents demonstrated that Solomon’s lien had expired by the time this proceeding was commenced more than 10 years after the judgment was docketed (CPLR 5203 [a]; Gletzer v Harris, 12 NY3d 468, 473 [2009], affg 51 AD3d 196 [1st Dept 2008]; Premier Capital, LLC v Best Traders, Inc., 88 AD3d 677 [2d Dept 2011]). Solomon does not dispute that its judgment lien is more than 10 years old and that it never sought a renewal judgment, which “requires commencement of a new plenary action between the same parties” (see CPLR 5014; Gletzer, 51 AD3d at 198). It contends that respondents waived their right to contest the enforceability of the judgment by failing to raise a statute of limitations defense before Supreme Court. However, since there was no lien to enforce when this proceeding was commenced, the statute of limitations defense has no application. Solomon has no interest in the property, and, despite the failure to satisfy the rigorous requirements of a motion to renew, respondents’ motion should be granted (Rancho Santa Fe Assn. v Dolan-King, 36 AD3d 460, 461 [1st Dept 2007]; see also Mejia v Nanni, 307 AD2d 870, 871 [1st Dept 2003] [“courts have discretion to relax this requirement (newly discovered facts that could not be offered on the prior motion) and to grant such a motion in the interest of justice”]).
Respondents contend that the Zimmerman judgment is also unenforceable because the requirements of 22 NYCRR 1400.5 (a) were not met. However, in light of respondents’ showing that Solomon’s lien had expired before this proceeding was commenced, we need not decide this issue. As Supreme Court recognized in issuing the order of protection in favor of respondents in the prior proceeding, the sale of the home that respondents hold as tenants by the entirety, to satisfy a judgment against one of them, would have the unnecessarily drastic result of depriving the non-debtor of his home.
We have considered respondents’ contentions in support of vacatur of the Zimmerman judgment and an award of attorneys’ fees and find them unavailing.
Concur—Tom, J.E, Moskowitz, Manzanet-Daniels, Feinman and Gische, JJ.