■ C.T. HOLDINGS, LTD., Respondent, v THE SCHREIBER FAMILY CHARITABLE FOUNDATION, INC., et al., Defendants, and MEIR AARON SCHREIBER, Also Known as MARC AARON SCHREIBER, Appellant. [61 NYS3d 532]—

Judgment, Supreme Court, New York County (Charles E. Ramos, J.), entered February 10, 2016, which, upon granting plaintiff's motion for summary judgment on its claim to renew a judgment entered November 5, 1998, adjudged that plaintiff was entitled to recover against defendants the principal sum of the underlying judgment, plus interest from the original date of entry, unanimously affirmed, without costs.

Plaintiff judgment creditor timely commenced this action for a renewal judgment more than ten years after the docketing of the original judgment as a lien against appellant's property (CPLR 5014 [1]). Plaintiff made a prima facie showing of its entitlement to a renewal judgment by demonstrating that defendants have not satisfied any part of the judgment (see Premier Capital, LLC v Best Traders, Inc., 88 AD3d 677, 677-678 [2d Dept 2011]). In opposition, appellant argued that plaintiff was not entitled to a renewal judgment because it had unreasonably delayed in enforcing the original judgment, while interest accumulated on the judgment and tax liens were imposed. On appeal, he argues that the equitable doctrine of laches applies since his circumstances have worsened during the ten years since the judgment was docketed.

The "mere delay" in enforcement of a judgment, without actual prejudice resulting from the delay, does not constitute laches (Premier Capital at 678; see Saratoga County Chamber of Commerce v Pataki, 100 NY2d 801, 816 [2003], cert denied 540 US 1017 [2003]; Matter of Linker, 23 AD3d 186, 189 [1st Dept 2005]). Appellant relies on facts outside the record which, in any event, do not constitute injury or prejudice resulting from plaintiff's delay. The accumulation of postjudgment interest does not support a claim of laches, since plaintiff is entitled by statute to interest on the unpaid amount of the original judgment, which is valid for twenty years (CPLR 211 [b]; 5004), regardless of whether the judgment is renewed. Concur—Friedman, J.P., Manzanet-Daniels, Kapnick, Kern and Singh, JJ.