In an action for a renewal judgment pursuant to CPLR 5014, which was commenced by motion for summary judgment in lieu of complaint, the defendant appeals from (1) an order of the Supreme Court, Westchester County (Jamieson, J.), dated January 6, 2015, which granted the plaintiff’s motion and denied the defendant’s cross motion, inter alia, to vacate the original judgment, (2) an amended order of the same court dated February 18, 2015, which added statutory interest to the amount of the renewal judgment, and (3) a renewal judgment of the same court dated March 27, 2015, which, upon the amended order dated February 18, 2015, is in favor of the plaintiff and against the defendant in the principal sum of $84,119.17, plus interest from November 17, 2004.
 

 Ordered that the appeals from the order and amended order are dismissed; and it is further,
 

 Ordered that the renewal judgment is affirmed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff.
 

 The appeals from the order dated January 6, 2015 (hereinafter the January 2015 order), and the amended order dated February 18, 2015 (hereinafter the amended 2015 order), must be dismissed because the right of direct appeal therefrom terminated with the entry of the renewal judgment (see Matter of Aho, 39 NY2d 241, 248 [1976]). Moreover, the appeal from the January 2015 order must be dismissed as that order was superseded by the amended 2015 order. The issues raised on the appeal from the amended 2015 order are brought up for review and have been considered on the appeal from the renewal judgment (see CPLR 5501 [a] [1]).
 

 This action arises out of the entry of a judgment in November 2004 (hereinafter the original judgment), in favor of the plaintiff and against the defendant for unpaid legal fees in the sum of $97,119.17 for services the plaintiff had performed on behalf of the defendant in a matrimonial action. This Court dismissed the defendant’s appeal from the original judgment as untimely (see Jones Sledzik Garneau & Nardone, LLP v Schloss, 37 AD3d 417 [2007]).
 

 Subsequent to the dismissal of her appeal, the defendant commenced an action against the plaintiff seeking damages for, inter alia, fraud. In July 2008, the Supreme Court, Westchester County (Loehr, J.), granted dismissal of the action on the merits, and this Court affirmed that determination (see Schloss v Jones, 67 AD3d 770 [2009]).
 

 In May 2014, the plaintiff commenced this action by summary judgment in lieu of complaint, seeking a renewal judgment for the unsatisfied portion of the original judgment. The defendant cross-moved, inter alia, to vacate the original judgment. The Supreme Court, Westchester County (Jamieson, J.), granted the plaintiff’s motion and denied the defendant’s cross motion, noting that the arguments raised by the defendant had been raised in the prior actions. These appeals ensued.
 

 The Supreme Court properly granted the plaintiff’s motion for summary judgment and entered a renewal judgment pursuant to CPLR 5014 (1). The plaintiff established its prima facie entitlement to a renewal judgment as a matter of law by showing: (1) the existence of the original judgment; (2) that the defendant was the judgment debtor; (3) that the original judgment was docketed at least nine years prior to the commencement of this action; and (4) that the original judgment remains partially or completely unsatisfied (see Rose v Gulizia, 104 AD3d 757, 758 [2013]; Premier Capital, LLC v Best Traders, Inc., 88 AD3d 677, 678 [2011]; Schiff Food Prods., Co., Inc. v M&M Import Export, 84 AD3d 1346, 1348 [2011]).
 

 In opposition, the defendant failed to raise a triable issue of fact. Her arguments in opposition to the motion and in support of her cross motion were or could have been made in the prior actions, and are therefore barred by res judicata (see O’Brien v City of Syracuse, 54 NY2d 353, 357 [1981]; Schloss v Jones, 67 AD3d at 770; Matter of City of New York v Schmitt, 50 AD3d 1032, 1033 [2008]).
 

 The defendant’s remaining contentions are without merit.
 

 Accordingly, the Supreme Court properly entered the renewal judgment.
 

 Rivera, J.P., Chambers, Duffy and Iannacci, JJ., concur.