Lull v Van Tassell (2019 NY Slip Op 03038)





Lull v Van Tassell


2019 NY Slip Op 03038


Decided on April 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
ROBERT J. MILLER
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2017-11925
 (Index No. 100032/17)

[*1]Deborah Lull, et al., respondents, 
v
Robert Van Tassell, Jr., appellant, et al., defendants.


Michael Heitmann, Staten Island, NY, for appellant.
John Z. Marangos, Staten Island, NY, for respondents.



DECISION & ORDER
In an action for a renewal judgment pursuant to CPLR 5014, which was commenced by motion for summary judgment in lieu of complaint, the defendant Robert Van Tassell, Jr., appeals from an order of the Supreme Court, Richmond County (Orlando Marrazzo, Jr., J.), dated September 5, 2017. The order granted the plaintiffs' motion for summary judgment and denied, without a hearing, that defendant's cross motion pursuant to CPLR 5015(a)(4) to vacate the underlying judgment insofar as entered against him.
ORDERED that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Richmond County, for further proceedings in accordance herewith, including a hearing if warranted, and new determinations of the motion and cross motion thereafter; and it is further,
ORDERED that pending the new determinations of the motion and cross motion, the underlying judgment shall remain in effect.
On November 26, 2007, the plaintiffs obtained a default judgment against the defendant Robert Van Tassell, Jr. (hereinafter the defendant), and others, in the principal sum of $120,294.08. In July 2017, the plaintiffs commenced this action, by motion for summary judgment in lieu of a complaint, seeking a renewal judgment. In support of their motion, the plaintiffs affirmed that the defendant had not paid anything toward the judgment. The defendant cross-moved pursuant to CPLR 5015(a)(4) to vacate the underlying default judgment insofar as entered against him, denying receipt of service in the original action. The plaintiffs failed to oppose the cross motion. In an order dated September 5, 2017, the Supreme Court granted the plaintiffs' motion, extended the underlying judgment through November 26, 2027, and denied the defendant's cross motion. The defendant appeals.
The plaintiffs established their prima facie entitlement to a renewal judgment by showing: (1) the existence of the underlying judgment; (2) that the defendant was a judgment debtor; (3) that the underlying judgment was docketed at least nine years prior to the commencement of this action; and (4) that the underlying judgment remained partially or completely unsatisfied (see CPLR 5014; Jones Morrison, LLP v Schloss, 155 AD3d 704, 705; Rose v Gulizia, 104 AD3d 757, 758; Premier Capital, LLC v Best Traders, Inc., 88 AD3d 677, 678).
However, the defendant cross-moved to vacate the underlying default judgment insofar as entered against him for lack of personal jurisdiction (see Jones Morrison, LLP v Schloss, 155 AD3d at 705; Chase Lincoln First Bank, N.A. v DeHaan, 89 AD3d 1476, 1477; Cooley v Harkins, 2015 WL 156773, 2015 NY Misc LEXIS 64 [Sup Ct, NY County]). Absent proper service of process, a default judgment is subject to vacatur at any time (see CPLR 5015[a][4]; Roseboro v Roseboro, 131 AD2d 557, 557). A defendant moving to vacate a default judgment on the ground of lack of personal jurisdiction is not required to demonstrate a reasonable excuse for the default and a potentially meritorious defense (see Itshaik v Singh, 165 AD3d 902, 903; Wachovia Bank, N.A. v Greenberg, 138 AD3d 984, 985). "[T]he failure to serve process in an action leaves the court without personal jurisdiction over the defendant, and all subsequent proceedings are thereby rendered null and void" (Krisilas v Mount Sinai Hosp., 63 AD3d 887, 889; see Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d 896, 897).
Ordinarily, a process server's affidavit of service constitutes prima facie evidence of proper service and, therefore, gives rise to a presumption of proper service (see US Bank N.A. v Ramos, 153 AD3d 882, 884; Wells Fargo Bank, NA v Chaplin, 65 AD3d 588, 589). "A mere conclusory denial of service is insufficient to rebut the presumption of proper service arising from the process server's affidavit" (Washington Mut. Bank v Huggins, 140 AD3d 858, 859). "In order to warrant a hearing to determine the validity of service of process, the denial of service must be substantiated by specific, detailed facts that contradict the affidavit of service" (id. at 859; see Wachovia Bank, N.A. v Greenberg, 138 AD3d at 985; Machovec v Svoboda, 120 AD3d 772, 773-774). Here, however, the plaintiffs did not oppose the defendant's cross motion or otherwise produce the affidavit of service on him in the original action. Consequently, the defendant was denied the opportunity to substantiate his denial of service by specific, detailed facts contradicting the affidavit of service (cf. Emigrant Mtge. Co., Inc. v Westervelt, 105 AD3d at 897). Accordingly, we agree with the defendant that the Supreme Court should not have granted the plaintiffs' motion and denied his cross motion. We decline the plaintiffs' request to take judicial notice of the affidavit of service filed in the original action, referred to for the first time on appeal (see Matter of Sagres 9, LLC v State of New York, 164 AD3d 903, 905), since doing so would again deprive the defendant of the opportunity to attempt to rebut the affidavit of service.
The defendant requests that the matter be remitted to the Supreme Court, Richmond County, for a hearing to determine the validity of service of process. However, it is unclear at this juncture whether such a hearing is warranted. Accordingly, under the particular circumstances of this case, we remit the matter to the Supreme Court, Richmond County, for further proceedings on the plaintiffs' motion and the defendant's cross motion, including a hearing to determine the validity of service of process, if warranted, and new determinations of the motion and cross motion thereafter (see Ayers v Ayers, 92 AD3d 623, 625). Pending the new determinations of the motion and cross motion, the underlying judgment shall remain in effect.
SCHEINKMAN, P.J., MILLER, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court