Matter of Caputo v Stack (2021 NY Slip Op 02096)





Matter of Caputo v Stack


2021 NY Slip Op 02096


Decided on April 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 06, 2021

Before: Gische, J.P., Kapnick, Oing, Moulton, JJ. 


Index No. 656772/19 Appeal No. 13524N-13524NA Case No. 2020-02961, 2020-03135 

[*1]In the Matter of Mark Caputo et al., Petitioners-Respondents,
v
Robert Stack et al., Respondents-Appellants, Midwood Chayim Aruchim Dialysis Associates, Inc., et al., Respondents.


Law Offices of K.C. Okoli, P.C., New York (K.C. Okoli of counsel), for appellants.
Arent Fox LLP, New York (David N. Wynn of counsel), for respondents.



Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered July 13, 2020, in favor of petitioner Clarence Waltrous, M.D. and against respondents Onyekachi Ifudu, M.D. and Chika Oguagha, M.D., and dismissing Dr. Ifudu's, Dr. Oguagha's, and respondents Robert Stack's, Brooklyn Dialysis LLC's, and Westbury Medical Group, P.C.'s (collectively, claimants) claims in the underlying arbitration, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about March 16, 2020, which granted the petition to confirm the arbitration award and denied claimants' cross petition to vacate the award, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Claimants failed to preserve their objection to the untimeliness of the arbitrator's final award since they did not notify the arbitrator in writing of their objection prior to the delivery of the award to them (CPLR 7507; see Matter of Saltzman [Wohl], 168 AD2d 210 [1st Dept 1990], lv denied 78 NY2d 984 [1991]; Rosario v Carrasquillo, 88 AD2d 874 [1st Dept 1982]). We note that claimants did not dispute in Supreme Court, and do not dispute on appeal, petitioners' counsel's representations that the arbitrator told the parties before the close of the hearing that he would need more than 30 days to render his final award and that no party objected thereto. In any event, the accumulation of preaward interest during the arbitrator's delay in rendering his final award does not constitute prejudice warranting vacatur (cf. C.T. Holdings, Ltd. v Schreiber Family Charitable Found., Inc., 154 AD3d 433, 433 [1st Dept 2017] ["The accumulation of postjudgment interest does not support a claim of laches"]).
It was within the arbitrator's province to determine whether to award preaward interest on Dr. Waltrous's unjust enrichment counterclaims against Dr. Ifudu and Dr. Oguagha (Matter of Gruberg [Cortell Group], 143 AD2d 39 [1st Dept 1988]). Claimant failed to identify any contractual provision that specifically prohibited the arbitrator from awarding preaward interest. In any event, the award for unjust enrichment was not for a contractual claim. Given that Dr. Waltrous demanded interest in his counterclaims, the arbitrator did not exceed his authority in making such an award (cf. Matter of West Side Lofts [Sentry Contr.], 300 AD2d 130, 130 [1st Dept 2002]).
We decline to consider claimants' argument, raised for the first time on appeal, that the arbitrator's finding that Dr. Ifudu and Dr. Oguagha are personally liable to Dr. Waltrous for unjust enrichment was irrational, since it is not a purely legal issue
apparent on the face of the record (see Botfeld v Wong, 104 AD3d 433, 434 [1st Dept 2013]; see DeBenedictis v Malta, 140 AD3d 438 [1st Dept 2016]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 6, 2021