Home Heating Oil Corp. v Brown (2025 NY Slip Op 50582(U))

[*1]

Home Heating Oil Corp. v Brown

2025 NY Slip Op 50582(U)

Decided on April 18, 2025

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 18, 2025
Supreme Court, Kings County

Home Heating Oil Corp., Plaintiff,

against
Preston Brown, Defendant.

Index No. 536651/2023

Daniel E. Sully, Brooklyn, for Plaintiff.
Kim A. Williams, Brooklyn, for Defendant.

Aaron D. Maslow, J.

The following numbered papers were used on this these motions: NYSCEF Document Numbers 12-24, 26-27, 31-32, 35-44.
Upon the foregoing papers, the Court having heard oral argument, and due deliberation having been had,
It is hereby ORDERED as follows:
This is an action to renew a judgment pursuant to CPLR 5014 (1). The within motion of Plaintiff seeks a default judgment herein against Defendant (Motion Seq. No. 1). Defendant's cross-motion seeks to dismiss Plaintiff's action for lack of service amongst other claims and vacate any applications for default (Motion Seq. No. 2).
The original judgment was entered on December 12, 2014, for the amount of $27,163.94 by the Supreme Court of the State of New York, County of Kings, under Index No. 14402/2014. According to the records of the County Clerk of Kings County, that judgment had been entered upon default of the Defendant (who is also the Defendant herein).
In the within action, an affidavit of service attests to Defendant being served via "nail and mail" on December 21 and 22, 2023. The affidavit of service was filed on January 18, 2024. Therefore, service of process was complete on January 28, 2024 (see CPLR 308 [4]). [*2]Defendant's time to answer expired February 27, 2024.
Defendant entered a notice of appearance on January 23, 2024. Defendant served and filed an answer with counterclaims on March 12 and 13, 2024. Plaintiff rejected it on March 13, 2024 due to untimeliness. It was 14 or 15 days late.
Plaintiff having moved for a default judgment, Defendant opposes it on several asserted grounds and cross-moved for his own relief: denying the motion and vacating Plaintiff's claim. The arguments advanced by Defendant include the following: (1) Defendant never had a contract with Plaintiff. He obtained gas and oil from someone else. He never incurred the debt which is the subject of this case. (2) Fraudulent claims, such as Plaintiff's, may be set aside pursuant to CPLR 5015 (a). (3) No invoices, contracts, or account statements were submitted with an affidavit to establish compliance with CPLR 3215 (f)'s requirement that an application for a default judgment be accompanied by proof of the facts constituting the claim. (4) The affidavit of service of the summons and complaint is fraudulent since the process server notarized himself. (5) There is no personal jurisdiction over Defendant. (6) Defendant was not served in this action. A neighbor discovered an envelope on the street with no return address or postage. On the days the attempted service and alleged actual service of the summons and complaint ostensibly took place, Defendant was hospitalized with a stroke.
The record includes, among other things, a photo of an envelope in the shape of a greeting card from Erik David (a nephew of Defendant) to Defendant; it is postmarked December 18, 2023, and it is possible that Plaintiff's process server took this photo at Defendant's residence, perhaps to attest his presence there.
The record also includes an affirmation from Plaintiff's counsel attesting to performing an additional mailing of the summons and complaint on December 28, 2023, in order to comply with the CPLR.
In an action upon a judgment pursuant to CPLR 5014 (1), a "plaintiff establishe[s] its prima facie entitlement to a renewal judgment as a matter of law by showing: (1) the existence of the original judgment; (2) that the defendant was the judgment debtor; (3) that the original judgment was docketed at least nine years prior to the commencement of this action; and (4) that the original judgment remains partially or completely unsatisfied (see Rose v Gulizia, 104 AD3d 757, 758 [2013]; Premier Capital, LLC v Best Traders, Inc., 88 AD3d 677, 678 [2011]; Schiff Food Prods., Co., Inc. v M&M Import Export, 84 AD3d 1346, 1348 [2011])" (Jones Morrison, LLP v Schloss, 155 AD3d 704 [2d Dept 2017).
Each of these elements of a prima facie case was established through the affirmations of Plaintiff's counsel and a copy of the 2014 judgment.
Indeed Defendant's answer was untimely, it having been served and filed on March 12 and 13, 2024, past the February 27, 2024 deadline. Although the lateness was brief, Defendant has failed to proffer a legally sufficient defense on the merits to Plaintiff's complaint seeking to renew the 2014 judgment. The arguments he is raising in terms of never having contracted with Plaintiff, never having incurred the underlying debt, and obtaining gas and oil from someone else are barred by the doctrine of res judicata from the action in which the 2014 judgment was obtained (see Jones Morrison, LLP v Schloss, 155 AD3d at 705-706).
This principal was also articulated in Zimmerman v Stephenson (235 AD3d 440, 440-441 [1st Dept 2025]), in which the Court wrote:
Appeal from order, Supreme Court, New York County (Lyle E. Frank, J.), entered on or about December 21, 2023, which granted plaintiff's motion for summary judgment in lieu [*3]of complaint for a renewed judgment pursuant to CPLR 5014 and denied defendant's cross-motion to dismiss, deemed appeal from judgment, same court and Justice, entered on or about February 14, 2024, awarding plaintiff the principal sum of $54,835.71, plus interest, and, so considered, the judgment unanimously affirmed, without costs.
In light of this Court's prior determination in Solomon Holding Corp. v Stephenson (118 AD3d 613, 614 [1st Dept 2014]), defendant's arguments concerning the validity of the underlying judgment are barred by res judicata (see O'Brien v City of Syracuse, 54 NY2d 353, 357 [1981]).
Plaintiff made a prima facie showing of his entitlement to a renewal judgment under CPLR 5014 (1), inter alia, by demonstrating that, to date, only a nominal payment of the underlying debt has been recovered; thus, defendant has not satisfied the judgment (see C.T. Holdings, Ltd. v Schreiber Family Charitable Found., Inc., 154 AD3d 433, 433 [1st Dept 2017]). In opposition, defendant failed to raise an issue of fact.
As held in Zimmerman, the arguments of the judgment debtor, here Defendant Brown, with respect to the underlying judgment are barred by res judicata. Thus, his claims that he never contracted with Plaintiff, never incurred the underlying debt, and obtained gas and oil from someone else were required to have been asserted in the prior action (Index No. 14402/2014). The law bars them from being be made in the instant action.
In fact, Plaintiff's application for a renewal judgment does not involve an exercise of discretion. It is basically a ministerial act. Where there is a sum certain due on a money judgment and there is no dispute as to its never having been partially or completely paid, the judgment creditor is entitled to a renewal judgment, which can be sought from the County Clerk; it need not be sought from the Court (see Matter of Capital Equity Management, LLC v Sunshine, 222 AD3d 640 [2d Dept 2023]).
As such, Defendant has failed to establish a meritorious defense to the instant action.
The Court rejects Defendant's arguments that Plaintiff failed to meet CPLR 3215 (f)'s requirement for proof constituting the facts. The proof constituting the facts of the claim would be evidence of the existence of the original judgment, the defendant being the judgment debtor, the original judgment having been docketed at least nine years prior to the commencement of this action, and the original judgment remaining partially or completely unsatisfied. Plaintiff made this showing, as indicated above. Plaintiff was not required to submit documentary evidence supporting the original claim. Once the judgment was entered on the original claim, it could not be impugned in this follow-up action to renew the judgment (see Matter of Capital Equity Management, LLC v Sunshine, 222 AD3d 640; Zimmerman v Stephenson, 235 AD3d 440; Jones Morrison, LLP v Schloss, 155 AD3d 704). It is for this reason that any argument advanced in the instant action that the judgment obtained in the 2014 action should be set aside as fraudulent cannot be entertained.
Furthermore, Defendant's arguments to the effect that there is no personal jurisdiction over him lack merit.
The Court first rejects Defendant's contention that Plaintiff's process server notarized his own affidavit of service and finds it frivolous (see NYSCEF Doc Nos. 37 at 3; 43 at 3). The process server is named Frank Oliva. The person who notarized his signature as commissioner of deeds is Fran Oliva. (See NYSCEF Doc No. 41.) At oral argument, Plaintiff's counsel confirmed that Frank and Fran Oliva are family members. The argument that they are one and [*4]the same person borders on sanctionable conduct and impugns the integrity of the process server.
In his answer to the complaint, the answer having been filed on March 13, 2024, Defendant asserted an objection to service in the within proceeding: "Pursuant to the CPLR the Defendant also objects to service herein — since in the within action a singular mailer was received from an unmarked address (not bearing the name of counsel or the Defendant) with no postage affixed or date stamp thereto and said item was allegedly left near the Defendant[']s residence. To this end, service was not effectuated upon the Defendant." (NYSCEF Doc No. 21 ¶ 21.)
Defendant did not move to dismiss the complaint upon this asserted ground until his cross-motion was served and filed on April 4, 2025. This was more than one year after the answer was served and filed on March 13, 2024. "[A]n objection that the summons and complaint, summons with notice, or notice of petition and petition was not properly served is waived if, having raised such an objection in a pleading, the objecting party does not move for judgment on that ground within sixty days after serving the pleading, unless the court extends the time upon the ground of undue hardship" (CPLR 3211 [e]). Defendant has not offered anything in the way of undue hardship as an excuse for not making the motion grounded on improper service until more than a year after serving and filing his answer (see Bank of NY Mellon v Shurko, 209 AD3d 949 [2d Dept 2022]). Therefore, the motion must be denied as untimely (see Wells Fargo Bank, N.A. v Gross, 202 AD3d 882 [2d Dept 2022]). The fact that the answer was rejected does not extend the deadline for making the motion predicated on improper service (see U.S. Bank Natl. Assoc. v Donovan, 189 AD3d 918).
Even if service of process is technically defective, such as when a person of suitable age and discretion is served but there is no mailing, the objection to personal jurisdiction is waived where the defendant fails to move for judgment within 60 days of serving the answer (see Sutton v Hafner Valuation Group, 115 AD3d 1039, 1041 [3d Dept 2014]).
Moreover, a notice of appearance was filed by counsel on behalf of Defendant Brown on January 23, 2024. Although his answer, filed on March 13, 2024, contained an affirmative defense of improper service, the motion to the Court to dismiss the action was not made until more than a year later, on April 4, 2025. "Under such circumstances, [the defendant] waived any claim that the Supreme Court lacked personal jurisdiction over her in this action" (Mid-Island Mtge. Corp. v Johnson, 175 AD3d 490, 491-492 [2d Dept 2019]; see JP Morgan Chase Bank v Jacobowitz, 176 AD3d 1191 [2d Dept 2019]).
Finally, the Court finds that even if Defendant were to overcome the legal hurdles to his defense dealt with hereinabove, he has not made out a sufficient defense of excusable default by virtue of his claim that when service was made by affixation and mail he was out of the house for a period of time due to health problems (see Gray v Goodluck-Hedge, 208 AD3d 1221 [2d Dept 2022] [in foreign country]; Wang v Wu, 208 AD3d 1211 [2d Dept 2022] [travel for work]; Brafman & Assocs., P.C. v Balkany, 190 AD3d 453 [1st Dept 2021] [working and traveling]). It is noted that Defendant's nephew mailed him a Christmas greeting card with a gift to the same address at which the process server mailed the summons and complaint, as per Defendant's cross-motion reply submission (see NYSCEF Doc No. 38, 42, 41). "The affidavit of the process server constituted prima facie evidence of proper service pursuant to CPLR 308 (4)" (Deutsche Bank Natl. Trust Co. v Jagroop, 104 AD3d 723, 723 [2d Dept 2013]). Plaintiff's prima facie case of proper service through "nail and mail" was not rebutted as a matter of law.
Therefore, Defendant has not met its burden of establishing excusable default.
Plaintiff established its entitlement to a renewal judgment pursuant to CPLR 5014 (1) as sued for, by demonstrating that there was a judgment entered in Plaintiff's favor in Supreme Court, Kings County, under Index No. 14402/2014, on December 12, 2014, that the parties herein are the same parties as those in the original judgment, that the action was commenced during the year prior to the expiration of ten years since the first docketing of the underlying judgment, and that the underlying judgment remains unsatisfied. Plaintiff also established that proper service was effectuated upon Defendant, that personal jurisdiction over him was acquired, that Defendant defaulted in timely answering the complaint, that neither a meritorious defense nor excusable default for his failure to timely answer the complaint has been made, and that entry of a default judgment renewing the underlying judgment is warranted.
Plaintiff's motion (Motion Seq. No. 1) is GRANTED, and Defendant's motion (Motion Seq. No. 2) is DENIED.
Accordingly, the Clerk, upon submission of a proper proposed judgment, shall enter judgment in favor of Plaintiff and against Defendant for the amount demanded in the complaint, together with interest, costs, and disbursements as appropriate.
The foregoing constitutes the Decision and Order of the Court.